Phineas W. Sprague *against* The Western Union Telegraph Company.

(Decided December 6th, 1875.)

Where plaintiff intrusted to the defendant (a telegraph company) at the city of New York, for transmission by telegraph, a message to his attorney at Buffalo, saying, "Hold my case till Tuesday or Thursday. Please reply," and at the same time informed the servant of the defendant in charge of the receipt of messages for transmission, that the message was about a cause in Buffalo that was expected to be called, and that it was of great importance that the party sending it should get a reply the next day, in order that he might know when to go to Buffalo, and the message was never sent at all, and the plaintiff having waited for a reply and received none, and supposing that an adjournment of the case could not be procured, went with his counsel to Buffalo, to attend at the trial, and found the case had been adjourned, and was obliged to go again to Buffalo with his counsel, at the adjourned day: *Held*, that in an action against the company for a failure to send the message, the plaintiff

Sprague v. The Western Union Telegraph Company.

could recover as damages, not only the expenses of himself and his counsel, on the first journey to Buffalo, but also the counsel fee he was obliged to pay his counsel for going to Buffalo the first time.

*Held,* also, that the failure to send the message at all, was not a "mistake or delay in the transmission or delivery, or a non-delivery" of the message, within the meaning of the stipulation signed by the plaintiff, limiting the damages arising from such causes (except upon certain conditions with which the plaintiff had not complied), to the amount received by the company for sending the message.

APPEAL by defendant from a judgment of the Marine Court of the city of New York, affirming a judgment of that court entered on a decision of a judge of that court, after a trial before him without a jury.

The action was brought against the defendant to recover damages for neglect in failing to send a message intrusted to it for transmission by the plaintiff. The facts are fully stated in the opinion.

*George W. Soren,* for appellant.

*Edward D. McCarthy,* for respondent.

CHARLES P. DALY, Chief Justice.—It was not necessary, to entitle the plaintiff to recover, to show that the person to whom the message was addressed was in Buffalo at the time when the message was delivered to the defendants for transmission, as it was shown by the witness whom the defendants called that the message had never been sent.

The clerk, or telegrapher, to whom it was delivered, was told, when the message was handed to him by Mr. McCarthy, that it was about a cause in Buffalo that was expected to be called, and that it was of great importance that the party sending it should get a reply the next day, in order that he might know when to go to Buffalo. There was a cause upon the calendar in the Supreme Court Circuit at that city, in which the present plaintiff was a defendant, and the message, which was addressed to Mr. Gardner, in Buffalo, was : " Hold my case till Tuesday or Thursday. Please reply." The plaintiff waited

during the next day for a reply, and none having been received, the message never having been sent, the plaintiff concluded that the cause had not been held over, and, acting under the advice of his counsel, left with his counsel for Buffalo, and, upon going to the court house upon the following morning, learned that the cause had been put off for a week. The plaintiff paid his counsel $250 to go with him to Buffalo to try the cause, and expended $60 for the traveling expenses of himself and his counsel in going and returning. The following week he went again with his counsel, at the time when the cause was set down for trial, when it was tried; for which second journey, and his services, his counsel charged him a like fee of $250.

The testimony was that the fee paid was a reasonable one, and, in my judgment, this outlay of $310 was the direct consequence of the defendant's neglect. It was the correct measure of the plaintiff's damages, being the amount necessarily expended by him for this fruitless journey.

The defendants were fully informed of the object of the message, and of the importance of an early reply the next day. This being the case, there is no ground for the point taken by them upon the trial, that the loss of the fifty cents, the price paid for sending the message, was the only damage that could have been contemplated by the contract between the parties. Having been informed that the message related to a cause in Buffalo, which it was expected would be called, and that it was important to have a reply early the next day, that the parties interested might know *when to go to Buffalo*, was, in effect, apprising the defendants that if the message was not sent, the parties in interest hearing nothing from the message, would, as the cause was expected to be called, have to go at once to Buffalo, to be ready for the trial of· it, that they would naturally do what in fact they did do; and with the knowledge the defendants possessed, they were bound to infer that this might be, as it was, the consequence of their neglect to send the message (*Rittenhouse* v. *The Independent Telegraph Co.* 44 N. Y. 264; *Leonard* v. *The N. Y. Telegraph Co.* 41 Id. 544). The expense which the plaintiff was necessarily put to through their neglect is not embraced by any of the stipula-

tions limiting the damages to the amount received for sending the message. This was not a "mistake or delay in the transmission or delivery, or a non-delivery;" but an entire breach of the contract by a neglect to send the message at all, and which rendered them liable for such damages as were the direct, natural and proximate consequences of their total neglect to do what they had engaged to do (*De Rutte* v. *The New York, &c. Telegraph Co.* 1 Daly, 547).

It would be extending the exemption of telegraph companies very far, to hold that when they neglect to send a message at all, they are not answerable, it being the duty of the sender when he receives no reply to go to the office, make inquiries, and have another message sent, which is what is claimed by the defendants on this appeal. It is claimed in fact, that plaintiff, having received no answer to his message, was not justified in going to Buffalo, as he did, but should have gone to the defendant's office again "to get or attempt to get the reply asked for in his message," and that, as he went to Buffalo, omitting to do this, the case is one of contributory negligence. It was much more natural in the ordinary course of events for the plaintiff to suppose that the cause of his receiving no reply was the absence at that particular time in Buffalo of the person to whom the message was addressed; that the message had been sent, but from some cause existing there it had failed to accomplish the object it was intended to effect—the putting off of the cause to one of the days named in it; that therefore, as nothing had been attained by it, the proper course was, to go to Buffalo at once, as otherwise the cause might be reached, and judgment pass against him. This was a more natural and reasonable inference to draw, and to act upon, than to infer that the reason why no reply had been received, was because the defendants had not sent the message, especially as the object and importance of it had been made known to the telegrapher, when it was delivered to him for transmission.

The exceptions taken by the defendants to the admission of testimony, were as to what was communicated to the defendant's agent to whom the message was delivered, and of the traveling expenses incurred, and the payment of the counsel fee

of $250, and were not well taken, nor the general exception, at the close of the case, to allowing this amount as the measure of damages, which I have already considered.

In my opinion, the judgment of the Marine Court was right, and ought to be affirmed.

JOSEPH F. DALY, J., dissented, on the ground that the counsel fee of $250 to the plaintiff's lawyer, for going to Buffalo to try the case, was not a proper item of damages, since neither the message nor the instructions to the telegraph operator who sent it contained anything from which it could be inferred that the failure to send the message would cause such an expense to the plaintiff, and that the judgment should therefore be reversed unless the plaintiff consented to reduce it.

LOEW, J., concurred in the opinion of Chief Justice Charles P. Daly.

Judgment affirmed.