HENRY J. MOWRY AND GEORGE M. BARNES, RESPOND-ENTS, *v.* THE WESTERN UNION TELEGRAPH COMPANY, APPELLANT.

*Rules of telegraph companies limiting their liability for mistakes do not apply to gross negligence — when a company will be chargeable with notice of the special damages which will arise from its failure to transmit an answer to a message received on the same day.*

On August 7, 1885, the plaintiffs received, through a telegraph office at Syracuse, managed and controlled by the defendant, a message from Armour & Co., dated Chicago, seventh, which gave the price of "hams, sixteens," shoulders, lard and beef hams. On the same day, and after the receipt of this message, the plaintiffs prepared and caused to be delivered to the defendant, at the same office, this reply: "Will take two cars sixteens. Ship soon as convenient *via* West Shore." The blank upon which this message was written contained a provision that all messages were subject to the following terms: "To guard against mistakes or delays the sender of the message should order it repeated, that is, telegraphed back to the originating office for comparison. For this one-half the regular rate is charged in addition. It is agreed to between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery of any unrepeated message, whether happening by negligence of its servant, or otherwise, beyond the amount received for sending the same.

The plaintiff paid the regular charges established by the defendant for the transmission of such message, but not the charges for a repeated message. When the plaintiff's message was delivered at the defendant's office the person in charge placed it among the messages to be sent. Thereafter it was taken by the defendant's operator, who called the office to which it was to be transmitted and found the wire in use. While waiting his attention was engaged by some person having business at the office, and before attending to him the operator placed the plaintiff's message among the messages that had been sent, in consequence of which the message was not sent until seven or eight days afterwards, when the plaintiff called the operator's attention to the fact that it had not been sent. It was then sent without the plaintiff's knowledge, and, as between the time of its delivery to the defendant and the time when the plaintiff first learned that it had not been sent, the market-price of the hams ordered advanced one-half a cent a pound, the plaintiffs were compelled, by reason of the defendant's neglect, to pay $225 more for the goods than they would have done if such telegram had been sent and delivered within a reasonable time.

On the trial of this action the court found that the omission to send such message was due to the gross carelessness and negligence of the defendant; that, by reason thereof, the plaintiffs sustained damages to the amount of $225, and ordered judgment for the plaintiffs for that amount and costs.

Upon an appeal from the judgment the defendant claimed that the only damages the plaintiffs were entitled to recover was the sum of twenty-two cents paid for the transmission of the message, upon the ground that the defendant's liability was limited by the provision contained in the blank on which the message was written.

*Held,* that, as the court had found that the loss sustained by the plaintiffs was caused by the gross negligence of the defendant, the contract between the parties did not limit the plaintiffs' right of recovery to that amount.

The defendant also claimed that the plaintiffs could only recover such damages as were the natural and necessary consequences of the defendant's failure to send the message; and that, as the plaintiffs' telegram was designed for a special purpose, which was not disclosed to the defendant, it was not liable for the damages awarded by the judgment.

*Held,* that, as the message was an answer to the message received from Armour & Co. through the defendant on the same day, and its contents were such as to indicate clearly to the defendant that it was important, and that a contract for the purchase of two car loads of hams was being made by the parties, and that the failure to send the message must result in such loss to the parties as would naturally follow from a failure to complete such contract, the defendant was liable to the plaintiffs for the damages which were awarded in this case

APPEAL from a judgment of the Onondaga County Court, entered in the clerk's office of that county on May 17, 1884, for $249.05, upon the decision of the said court.

*J. William Wilson,* for the appellant.

*Hiscock, Doheny & Hiscock,* for the respondents.

MARTIN, J.:

That this action was properly brought against the defendant is not questioned. On August 7, 1885, the plaintiffs received through a telegraph office at Syracuse, managed and controlled by the defendant, the following message:

"Dated CHICAGO, ILLINOIS, 7th.

"Received at Syracuse, N. Y., 11.50 A. M., August 7, 1885.

"To MOWRY & BARNES:

"Pickled hams, sixteens, nine and a half; shoulders, five quarters; lard, six thirty-two and a half; beef hams, nineteen.

"ARMOUR & CO."

On the same day, and after the receipt of this message, the plaintiffs prepared and caused to be delivered to the defendant, at the same office, a message which was as follows:

"SYRACUSE, *August* 7, 1885.

"To ARMOUR & Co., *Chicago:*

"Will take two cars sixteens. Ship as soon as convenient *via* West Shore.

"MOWRY & BARNES."

The plaintiffs paid the regular tolls or charges established by the defendant for the transmission and delivery of such message, but not the charges for a repeated message. The blank upon which this message was written contained the following provisions: "All messages taken by this company are subject to the following terms: To guard against mistakes or delays, the sender of a message should order it repeated; that is, telegraphed back to the originating office for comparison. For this one-half the regular rate is charged in addition. It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending the same. * * * The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message."

The message from the plaintiffs to Armour & Co. was in answer to the message by Armour & Co. to plaintiffs, whereby they offered

to the plaintiffs hams, sixteens, at nine and one-half cents per pound, and plaintiffs' message was an acceptance of such offer and an order for two car loads of such hams at that price. When the plaintiffs' message was delivered at the defendant's office, the operator in charge placed it among the messages to be sent. When, in the order of transmitting messages, it was reached, it was taken by the defendant's operator from the place where messages to be sent were kept, and he called the office to which it was to be transmitted and found the wire in use. While waiting, his attention was engaged by some person having business at the office, and, before attending to him, the operator placed the plaintiffs' message among the messages that had been sent. As a consequence, the message was not sent until seven or eight days afterwards, when the plaintiffs called the operator's attention to the fact that it had not been sent. It was then sent without the plaintiffs' knowledge. Between the time of the delivery of this message to the defendant, and the time when the plaintiffs first learned that it had not been sent, the market-price of the hams ordered advanced one-half a cent a pound, and, by reason of the defendant's neglect to send such message, the plaintiffs were compelled to pay $225 more for the same goods than they would have purchased them for, if such telegram had been sent and delivered within a reasonable time.

Within sixty days after the delivery of such message the plaintiffs presented a claim to the defendant for the damages sustained by them, which was rejected by the defendant, except that it offered to repay the plaintiffs the sum paid for the transmission and delivery of such message. On the trial the court found that the omission to send such message was due to the gross carelessness and negligence of the defendant; that by reason thereof the plaintiffs sustained damage to the amount of $225, and ordered judgment for the plaintiffs for $200 and costs.

The only question presented on this appeal is the question of damages. The defendant claims that the only damages that the plaintiffs were entitled to recover was the sum of twenty-two cents paid for the transmission and delivery of this message. This claim is sought to be maintained on the grounds, first, that the defendant's liability was limited by the provisions contained in the blank upon

which the message was written; and, second, that, independent of those provisions, the plaintiffs could recover only the sum paid for sending the message. Upon the first of these propositions the defendant in its brief says: "Telegraph companies have the right to make reasonable rules for the conduct of their business, and can limit their liability for mistakes not occasioned *by gross negligence or willful misconduct,* by notice brought home to the sender of the message, or by special contract." The correctness of this statement of the law is not disputed by the plaintiffs, so that the question is not as to the rule contended for, but as to its applicability to the facts of this case. The rule as stated excepts from its operation a liability occasioned by gross negligence or willful misconduct. The plaintiffs claim that the loss sustained by them was caused by the gross negligence of the defendant. The court so found. We think the evidence sufficient to uphold that finding. Hence, we conclude that the contract between the parties did not limit the plaintiffs' right of recovery to the amount paid by them for the transmission and delivery of the message. But the defendant also claims that the plaintiffs could only recover such damages as were the natural and necessary consequence of the defendant's failure to send this message; that the plaintiffs' telegram was designed for a special purpose, which was not disclosed to the defendant, and that the damages awarded were for an injury sustained by not accomplishing that purpose, and hence, it was not liable. As sustaining this claim it cites the cases of *Baldwin* v. *The United States Telegraph Company* (45 N. Y., 744); *Hart* v. *Direct United States Cable Company* (86 N. Y., 633) and *McColl* v. *Western Union Telegraph Company* (7 Abb. N. C., 151). The doctrine of the cases cited is, that a telegraph company is not liable for a special loss caused by delay or non-delivery of a message where it has no notice *either by the contents of the message, or otherwise* indicating its importance, or that special damages will result from its neglect. Assuming, as we do, without passing upon the question, that this doctrine is applicable where the injury results from the gross negligence of the defendant, and the question is, whether the doctrine of those cases is prohibitive of recovery of the damages awarded herein.

In this case there was no evidence of any notice to the defendant of the purpose of the message, of its importance, or that special

damages would result from a neglect to send it, other than that given by the contents of the message which the plaintiffs sought to have sent and by the contents of the message received, to which the plaintiffs' message was a reply. But, on the seventh of August, the plaintiffs received a message from the defendant which gave the price of hams, shoulders, lard and beef hams. In answer to that the plaintiffs, on the same day, delivered to the defendant at the same office this reply: "Will take two cars sixteens. Ship soon as convenient via West Shore." That the defendant must, from this transaction and from the contents of these telegrams, have clearly understood that the plaintiffs were accepting an offer made by Armour & Co., and purchasing two car loads of hams at the price named, there can be little or no doubt. We think the contents of this message were such as to indicate clearly to defendant that it was important, that a contract for the purchase of two car loads of hams was being made by the parties, and that a failure to send the message must result in such loss to the parties as would naturally follow from a failure to complete such contract.

We are of the opinion that the defendant was liable to the plaintiffs for the damages which were awarded in this case. (*Leonard* v. *N. Y., A. and B. Electro Magnetic T. Co.*, 41 N. Y., 544; *Rittenhouse* v. *Independent Line of Telegraph*, 44 id., 263; *DeRutte* v. *N. Y., A. and B. E. M. Tel. Co.*, 1 Daly, 548; *Bryant* v. *Am. Tel. Co.*, Id., 575; *Sprague* v. *W. U. Tel. Co.*, 6 id., 200; affirmed, 67 N. Y., 590; *Pearsall* v. *W. U. Tel. Co.*, 44 Hun, 532; *U. S. Tel. Co.* v. *Wenger*, 55 Pa., 262; *Squire* v. *W. U. Tel. Co.*, 98 Mass., 232; *Thompson* v. *W. U. Tel. Co.*, 64 Wis., 531; *Manville* v. *W. U. Tel. Co.*, 37 Iowa, 214.)

It follows that the judgment appealed from should be affirmed.

KENNEDY, J., concurred; FOLLETT, J., concurred in result.

Judgment affirmed, with costs.