ANTONIO KEETING, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, May 1, 1916.

TELEGRAPH AND TELEPHONES: Messenger: Agent: Contract. A messenger sent by a telegraph company to a patron to receive a telegram for transmission over its wires and received charges for the same, is the agent of the company and the company is liable for his negligent delay in taking the

message to its sending office, notwithstanding it may be printed on the telegraph blank furnished for the message, that such messenger is the agent of the sender of the telegram.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*Fred S. Hudson* for appellant.

*Roy W. Rucker* for respondent.

ELLISON, P. J.—Plaintiff's action is to recover a statutory penalty of $300 (Sec. 3330, R. S. 1909) against defendant for negligently failing to promptly transmit and deliver a telegram which he sent from Kansas City to Keytesville, Missouri, on the night of the 22nd of February, 1915. He recovered judgment in the trial court.

That the statute referred to allows the penalty is conceded, but defendant interposes a defense that on account of a sleet, and storm its wires were down and out of service which rendered it impossible to promptly transmit plaintiff's message. The question in the case is altogether one of fact, and for the purpose of determining whether plaintiff made a case we will concede, that for causes beyond the power of defendant its wires were down whereby it was impossible to transmit messages east after ten o'clock, p. m. of the night of February 22nd, and that so soon as business could be resumed it transmitted and delivered the message at two o'clock p. m. the next day.

But the evidence in plaintiff's behalf, which, in view of the verdict in his favor, we must accept as true, shows this was no excuse. Plaintiff testified that he was in Kansas City on the night of February 22nd expecting to go home at Keytesville on an outgoing

train. That he found he would not be able to reach the train and sent the telegram to his wife that he would not be home until the next day. He called the defendant over the telephone and told it that he desired to send a telegram and that the company sent a messenger for the telegram to whom he delivered the message and to whom he paid the charges. This was near eight-thirty p. m. ·Plaintiff was positive it was before nine p. m. for he had looked at the clock just before calling for the messenger and found he would not be able to make his train.

The evidence in defendant's behalf tends to show that it did not receive the message at its sending office until ten four p. m., and that was the time marked by it on the message. This evidence was excluded because not properly offered. But conceding this to be a fact, it will not benefit defendant, since the messenger to whom the message was delivered more than an hour before, was its agent and for whose delay it is responsible.

We are not unmindful of the rule that corporate public agencies may by contract limit their common-law liability. But there was no evidence in this case of a contract limiting defendant's liability by providing that its messenger should be considered plaintiff's agent. And if there had been there is authority and much good sense for holding in instances like this, the provision would be unreasonable and invalid. For this is not a case where a deliverer of messages for the company (not directed to bring back an answer) is entrusted with a message to be taken to the telegraph office to be sent. It is a case where the company sends its messenger specially *after* a message. [Will v. Telegraph Co., 37 N. Y. Supp. 933.] That case is recognized as sound in Ayers v. Western Union, 72 N. Y. Supp. 634, 639. It is doubtless true that a telegraph company would not be bound in damages for failing

to transmit a message it had not yet seen and had cause, or excuse for not sending, merely because its messenger received it. But where the real wrong occurs in negligent delay by the messenger, sent for the message by the company, in getting a proper message to the office, when, if delivered promptly, it could have been sent, there can be no valid reason in permitting the company to escape liability.

The judgment is affirmed. All concur.