ABNER C. KEENEY, Receiver, etc., Appellant, *v.* THE HOME INSURANCE COMPANY OF COLUMBUS, OHIO, Respondent.

Where a policy of fire insurance upon partnership property contains a condition that a sale or transfer of the property, or any change in title or possession will render the policy void, the policy is not avoided by the appointment, in an action to dissolve the partnership, of one of the copartners as a receiver *pendente lite* of the partnership property; such an appointment works no change in the title, nor does the exclusive control thus given the receiver over the property, constitute a change of possession within the meaning of the policy.

After the appointment of plaintiff as receiver in such an action, a loss of property insured by defendant occurred, an appraisal of property damaged, but not destroyed, was made by agreement between defendant and other companies having risks thereon, and the firm, C. one of the partners signing the agreement and acting for the firm. C. also signed the proofs of loss, which were served August 15, 1871. The evidence tended to show that defendant knew at this time that plaintiff was appointed receiver. Defendant retained the proofs of loss without objection until September 22, 1871, and then notified the firm in writing of certain objections to the proofs, and that "after proof of loss shall have been furnished in due form" the company would require the production of their books of account and other vouchers; without furnishing other proofs, plaintiff commenced this action upon the policy. No reason was shown for the delay of defendant in objecting to the proofs. *Held,* that the evidence justified a finding that defendant accepted the proofs furnished as sufficient, and waived any objection thereto; and that, as this being found, there was no obligation upon plaintiff to furnish additional proofs, the non-production of the books under the notice could not be construed into a refusal to produce them.

The description in the policy of the business carried on by plaintiff's firm in the building specified therein, was the manufacture of bath-tubs, the firm carried on upon adjoining premises the business of sawing and planing lumber, the shavings were carried therefrom by a tube to the boiler-room of the building referred to in the policy and were used for fuel. *Held*, assuming the description in the policy to be a warranty that only the business of manufacturing bath-tubs would be carried on on the premises, no breach of the warranty was shown.

(Argued November 26, 1877; decided December 11, 1877.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, sustaining defendant's exceptions, setting aside a verdict in favor of plaintiff, and granting a new trial.

The nature of the action and the facts are sufficiently set forth in the opinion.

At the close of the evidence on the trial, the defendant's counsel moved to dismiss the complaint, which was denied, and said counsel duly excepted.

The court offered to submit any question of fact in the case to the jury, but said counsel claimed that all questions should be disposed of by the court as the facts were undisputed. Said counsel requested the court to direct a verdict for defendant, which was denied, and the court directed a verdict for the plaintiff, to which said counsel duly excepted A verdict was rendered accordingly. Exceptions were ordered to be heard, at first instance, at General Term.

*Robert Sewell,* for appellant. A policy of insurance is to be construed most strongly against the underwriter. (*Livingston* v. *Sickles,* 7 Hill, 255; *Breasted* v. *F. Loan Co.,* 4 Seld., 305; *Coke* on Litt., 183; Bacon's Maxims Reg., 3; May on Ins., § 174; *West* v. *Citizens' Co.,* 3 Am. L. J., 358; *Marvin* v. *Stone,* 2 Cow., 806; *Yeaton* v. *Fry,* 5 Cranch, 341; *Clark* v. *N. E. M. F. Co.,* 6 Cush., 343; *Tryon* v. *Hart,* 3 Conn., 122.) Defendant, by accepting and retaining the proofs of loss, waived all objections to them. (*Post* v. *Ætna Ins. Co.,* 43 Barb., 351; *Phillips* v. *Pro. Ins. Co.,* 14

Mo., 220; *Com. Ins. Co.* v. *Sennett*, 41 Penn., 161; *Ætna Ins. Co.* v. *Tyler*, 16 Wend., 385; *Taylor* v. *Mer. Ins. Co.*, 9 How., 390; *Owen* v. *Farmers' Ins. Co.*, 57 Barb., 518; *Peoria Co.* v. *Whitehill*, 25 Ill., 466; *Wyman* v. *Peoples' Co.*, 1 Al., 301; *Bartlett* v. *Un. Ins. Co.*, 46 Me., 503; *Walker* v. *Metro. Ins. Co.*, 56 id., 371; *Kimball* v. *Han. Ins. Co.*, 8 Bos., 495; *Gt. W. Co.* v. *Staaden*, 26 Ill., 360; *Lewis* v. *Mon. Co.*, 52 Me., 497; *O'Neil* v. *Buff. Ins. Co.*, 3 N. Y., 122.) The title to the property was not changed by the appointment of plaintiff as receiver. (Edwds. on Recrs., 2–5; Kerr on Recrs., 3, 160, 161; *Merritt* v. *Lyon*, 16 Wend., 405; *In re Colvin*, 1 Md. Ch. Dec., 278; *Blakeney* v. *Durham*, 15 Beav., 40; *Delaney* v. *Mansfield*, 1 Hogan, 234; Code of Proc., §§ 244, 298; *Tullitt* v. *Armstrong*, 1 Keene, 428; *Sharp* v. *Carter*, 3 P. W., 379; *Skipp* v. *Harwood*, 3 Atk., 564; *Boehm* v. *Wood*, T. & R., 315; *Lewis* v. *Ld. Zouch*, 2 Sim.; *Postman* v. *Mill*, L. J. Ch. [N. S.], 165; *In re Butler*, 13 Jr. Ch., 456; *Davis* v. *Duke of Mal.*, 2 Swanst., 125: *Siegerly* v. *Fox*, 75 Penn. St., 112; *Grisley* v. *Adderly*, 1 Swanst., 573: *Thomas* v. *Bagstock*, 4 Russ., 65; *Bertrand* v. *Davies*, 31 Beav., 436; *Green* v. *Bostwick*, 1 Sandf. Ch., 135.) To avoid the policy, the change of title must have been complete and entire, so that no interest in the property remained in the assured. (Ellis on F. Ins., 69; *Ætna Ins. Co.* v. *Tyler*, 16 Wend., 397; *Gordon* v. *Mass. Co.*, 4 Pick., 249; *Jackson* v. *Mass. Co.*, 23 id., 18; *Titmore* v. *Vt. Ins. Co.*, 20 Vt., 546; *Morrison* v. *Tenn. Co.*, 18 Mo., 262; *Norcross* v. *Ins. Co.*, 17 Penn., 429; *Kitts* v. *Massasoit Co.*, 56 Barb., 177; *Fernandez* v. *G. W. Co.*, 3 Rob., 457; *Savage* v. *L. Ins. Co.*, 43 How., 462; *Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y., 68; *Phelps* v. *Gibbard Ins. Co.*, 9 Bosw., 404; *Bates* v. *Com. Ins. Co.*, 1 Cinc. [O.], 523.) The receiver appointed being one of the partners of the firm insured, there was certainly no change in the title or possession. (*Perry* v. *L. Co.*, 61 N. Y., 215; *Hoffman* v. *Ætna Ins. Co.*, 32 id., 405; *Buff. Steam Co.* v. *Sun Co.*, 17 id., 412; *Tillun* v. *Kingston Co.*, 7 Barb., 570; *Dey* v. *P. M.*

*Co.*, 23 id., 627; *Burnett* v. *Eufala Co.*, 46 Ala., 11; *Aurora Co.* v. *Eddy*, 50 Ill., 213; *Hobbs* v. *Memphis Co.*, 1 Snead. [Tenn.], 444.) The order appointing the receiver was not a decree. (2 Madd. Ch., 462; 2 Vern. Ch., 89; 4 Brown P. Cas., 287; Comyns' Dig.; *Perry* v. *L. Co.*, 61 N. Y., 219.)

*George W. Parsons*, for respondent. There was such a change in the title as avoided the policy. (*Barnes* v. *Un. Mut. F. Ins. Co.*, 51 Me., 110; *Dodman* v. *Worcester, etc., Ins. Co.*, 11 Metc., 429; *Springfield F. & M. Co.* v. *Allen*, 43 N. Y., 389, 394; *Savage* v. *How. Ins. Co.*, 52 id., 502; *Percy* v. *Loril. Ins. Co.*, 61 id., 214; *Germond* v. *Howe Ins. Co.*, 2 Hun, 540; *Porter* v. *Williams*, 9 N. Y., 142; 1 Phil. on Ins., § 880; *Adams* v. *Rock. Mut. Ins. Co.*, 26 Mo., 292; *In re Carow*, 4 Met. B. Reg; *Jones* v. *Leach*, 1 id., 165; *Pennington* v. *Sale*, id., 157; *Young* v. *Eagle F. Ins. Co.*, 14 Gray, 150; *Home Mu. F. Ins. Co.* v. *Hausleir*, 60 Ill., 521; *McLaren* v. *Hartford Ins. Co.*, 1 Seld., 151; *Lappin* v. *C. O. F. Ins. Co.*, 58 Barb., 325; *Clarkweather* v. *Cl. Ins. Co.*, 15 In. Rev. Rec., 59. The appointment of the receiver effected a change in possession by legal process. (*McDonald* v. *White*, 11 H. L., 570; Kerr on Recrs., 159; Edwds. on Recrs., 2–5; Pars. on Partnership, 312; *Mitchell* v. *Bunce*, 2 Paige, 606; *Mann* v. *Pentz*, 1 L. Ch. R., 251.) That the business prohibited was carried on up to the time of the policy, was no excuse for a violation of the contract. (*Mead* v. *N. W. Ins. Co.*, 3 Seld., 530; *Murdock* v. *Chenango Ins. Co.*, 2 N. Y., 210; *Bilbrough* v. *Metropolis Ins. C.*, 5 Duer, 587; *Wood* v. *Hartf. F. Ins. Co.*, 13 Conn., 533; *Lee* v. *How. Ins. Co.*, 3 Gray, 388; *Tibbetts* v. *Ham. Ins. Co.*, 3 Al,, 569; *Lowell* v. *Mid. Ins. Co.*, 8 Cush., 127; *Kennedy* v. *St. L. Ins. Co.*, 10 Barb., 285; *Wall* v. *E. R. Ins. Co.*, 7 N. Y., 370; *Chase* v. *Ham. Ins. Co.*, 20 id., 52; *Gilbert* v. *Phœ. Ins. Co.*, 36 id., 372; *Rohrbach* v. *Ger. Ins. Co.*, 62 id., 47; *Pindar* v. *Res. F. Ins. Co.*, 47 id., 114; *Sarsfield* v. *Met. Ins. Co.*, 61 Barb., 479; *Ripley* v. *Ætna*

*F. Ins. Co.*, 30 N. Y., 161.) The proofs of loss furnished were not sufficient. (*Welcome* v. *People's Eq. Ins. Co.*, 2 Gray, 480; *Campbell* v. *C. O. Ins. Co.*, 10 All., 213.) The furnishing of the preliminary proof was a condition precedent to the right of action. (*Welcome* v. *People's Ins. Co.*, 2 Gray, 480; *Campbell* v. *C. O. Ins. Co.*, 10 Al., 213; *Shawmut, etc.*, v. *People's Ins. Co.*, 12 Gray, 532; *Kimball* v. *Ham. Ins. Co.*, 8 Bosw., 495; *Jube* v. *B'klyn Ins. Co.*, 28 Barb., 412; *O'Brien* v. *Com'c'l Ins. Co.*, 63 N. Y., 108.)

ANDREWS, J.   This action is brought by Abner C. Keeney, as receiver of the firm of Keeney and Clarke, upon a policy of insurance issued by the defendant to that firm, covering machinery, tools, fixtures, engine, boiler, and appurtenances and stock, used in their business as manufacturers of bathtubs and boilers, contained in the brick building and extensions Nos. 637 and 639 West Forty-Sixth street, New York city.   The firm was composed of Abner C. Keeney, Benjamin F. Clarke and Eliza A. Carroll.   The policy was issued January 5, 1871, for one year, and contains a condition that if the insured property be sold or transferred, or any change takes place in title or possession, whether by legal process or judicial decree or voluntary transfer or conveyance, the policy shall be void.   The plaintiff, in February 1871, brough*t* an action in the Supreme Court against his copartners for a dissolution of the partnership on the ground that it had become insolvent; and by an interlocutory order, made in the action February 15, 1871, he was appointed receiver of the copartnership business and assets, with the usual powers of receivers in such cases, and he was specially empowered to collect, sue for, and recover the debts, demands or property, and pay the debts of the copartnership, and conduct and carry on the copartnership business, until the further order of the court.

The plaintiff's appointment was perfected by giving the security required, and he took possession as receiver of the copartnership property.   The firm business, at the time the

policy was issued, was managed by the plaintiff and Clarke; the other partner, Mrs. Carroll, taking no active part therein. There was no actual change in the management after the plaintiff was appointed receiver. The plaintiff and Clarke continued to conduct the business as before. On the 21st of July, 1871, the insured property, together with the building on Forty-sixth street, was partially destroyed by fire. The action for a dissolution of the partnership had not at the time of the fire proceeded to judgment.

The principal question presented by this record is whether the appointment of the plaintiff as receiver effected, within the meaning of the condition referred to, a change in the title or possession of the insured property. If it did, the policy was thereby rendered void, and the plaintiff was not entitled to recover.

A receiver *pendente lite* is a person appointed to take charge of the fund or property to which the receivership extends while the case remains undecided. The title to the property is not changed by the appointment. The receiver acquires no title, but only the right of possession as the officer of the court. The title remains in those in whom it was vested when the appointment was made. The object of the appointment is to secure the property pending the litigation, so that it may be appropriated in accordance with the rights of the parties, as they may be determined by the judgment in the action. (*Skip* v. *Harwood*, 2 Atk., 564; *Gresley* v. *Addraley*, 1 Swanst., 573; *Thomas* v. *Bagstock*, 4 Russ., 65; *Bertrand* v. *Davies*, 31 Beavan, 436; *Green* v. *Bostwick*, 1 Sand. Chy., 165; *Swigerly* v. *Fox*, 75 Pa. St., 112; Kerr on Receivers, 158.) The appointment of the plaintiff as receiver, therefore, wrought no change in the title of the property. The legal title remained in the copartners, and it was a change in the legal title only which would avoid the policy under the provision that a change of title should make the policy void.

But the condition avoids the policy not only in case of a change of title to the insured property, but also in case of a

change of possession, and the question remains whether the appointment of the plaintiff as receiver, and his possession under that appointment, constituted a change of possession within the meaning of the policy. This court in *Hoffman* v. *Ætna Ins. Co.* (32 N. Y., 405), which was an action upon a policy of insurance upon the stock of a mercantile and commission firm, which contained a condition, that if the property insured should be "sold or conveyed," the policy should be void; held, that this provision was not intended to forbid changes of interest among the partners themselves, but related exclusively to assignments and alienations to third persons. In that case the insurance was issued to the firm of Hoffman, Place & Co., and after the policy was issued one of the partners sold his interest in the firm to his copartners, and retired from the business. The action was brought to recover for a loss by fire, which occurred subsequent to the sale by the retiring partner, and the court in an elaborate opinion by PORTER, J., in which all the judges concurred, overruled the defense based upon the condition against alienation and sustained the recovery. The court regarded the condition against alienation as intended to protect the company against liability, in case of a transfer of the insured property to strangers to the contract. The company by issuing the policy had shown its willingness to insure all the persons composing the firm, and the suggestion that they might have been unwilling to insure two of them without the other, was considered fanciful and unsound. We think the principle upon which the case of *Hoffman* v. *Ætna Ins. Co.* proceeded, furnishes an answer to the objection in this case, based upon the change of possession.

The plaintiff's appointment as receiver had the effect; first, to give him the sole right as between him and his partners to the possession of the firm property; and second, to change the technical character of his previous possession from that of partner to a possession as receiver. But there was no change in the actual custody of the property, or in the management of the business, and his possession as receiver, in

truth, was for his copartners and himself. There was no apparent change in the risk, by reason of the change in the character of the possession. The possession was not given over to a stranger to the contract, and the interest of each partner to protect and preserve the insured property was as great after as before the appointment of the receiver. If the firm, after the policy was issued, had amended the partnership articles, by providing that Keeney should have the sole charge and custody of the partnership property, and that the other partners should in no way interfere or intermeddle therewith, could the defendant have objected to this as a change of possession which avoided the policy. Such a contract between partners might be made (*Blakeny* v. *Dunham*, 15 Beav. 40), but it clearly would not be a breach of the condition in question. It is not perceived that it makes any material difference that the plaintiff has acquired the right to the exclusive possession by the order of the court, rather than by agreement with his copartners. Upon the whole, we are of opinion that the defense, based upon an alleged change of possession, cannot be sustained.

Objection to the recovery is made also upon the ground that the proofs of loss did not comply with the requirements of the policy, and that the assured refused to produce their books of account and vouchers for examination. Proofs of loss were served on the defendant on the 15th of August, 1871. They were verified by Clarke, one of the firm of Keeney & Clarke. Intermediate the fire and service of the proofs of loss, an appraisal had been made of the property damaged, but not destroyed, by appraisers appointed by the mutual agreement of the defendant and other companies having risks on the property, and Keeney & Clarke. Clarke signed the agreement for, and acted in behalf of the firm. The evidence tended to show that the defendant knew at this time that the plaintiff had been appointed receiver. The defendant retained the proofs of loss without objection until the 22d of September, 1871, a period of thirty-eight days, and then notified the firm in writing of certain objections to

the proofs, " and that after proofs of loss shall have been furnished in due form," the company would require the production of their books of account and other vouchers for examination. Some of the objections were frivolous, some were unfounded in fact, and the plaintiff without furnishing additional or amended proofs soon after commenced this action. No reason is shown for the delay of the company in objecting to the proofs furnished.

The right of action upon the policy does not accrue, according to its terms, until sixty days after due notice and proof of loss has been served on the company. If the company, after waiting thirty-eight days, could then make objection to the proofs and require additional proofs, provided there was some formal omission in the proofs furnished, the plaintiff would be compelled to wait for sixty days from the time the new proofs were furnished before bringing his action. The jury would have been justified in finding that the defendant accepted the proofs furnished as sufficient, and waived any objection, which might have been made to them, and as the defendant not only did not ask to go to the jury upon any question of fact, but declined to have any question submitted to them, the fact of waiver must be deemed to have been found for the plaintiff. There is no evidence that Keeney and Clarke refused to produce the books of the firm for examination. The notice of the 22d September required their production *after* the proofs of loss called for by the same notice were furnished. There being upon the facts found no obligation upon the plaintiff to furnish additional proofs, the non-production of the books upon this qualified and conditional demand, cannot be construed as a refusal to produce them.

The defendant moved at the close of the plaintiff's case, and also at the close of the evidence for a nonsuit on the grounds just considered, and also on the ground that Keeney and Clarke carried on the business of planing and sawing lumber in the premises Nos. 637 and 639 West Forty-sixth street, in violation of the warranty contained in the policy,

that the business carried on, and to be carried on, on these premises, was the manufacture of bath-tubs. Assuming that the description in the policy is a warranty that only the business of manufacturing bath-tubs was, or should be carried on on the premises, the objection fails for the reason that the proof does not show that the business of planing and sawing lumber was carried on there. It was carried on in the building on Forty-seventh street, and the shavings were conducted by a tube to the boiler-room in the Forty-sixth street building, and there used for fuel. This did not constitute a carrying on of the business of planing and sawing lumber on the insured premises.

These views lead to a reversal of the order of the General Term.

All concur, except EARL, J., absent.

Order reversed and judgment ordered on verdict.