DORMAN WALRADT, as Assignee, etc., Respondent, *v.* PHŒNIX INSURANCE COMPANY of Hartford, Conn., Appellant.

A policy of fire insurance issued by defendant contained a condition declaring it void in case of any change of interest, title or possession of the subject of insurance (except change of occupant without increase of hazard), "whether by legal process or judgment, or by voluntary act of the insured or otherwise," unless provided for by agreement indorsed upon or attached to the policy. In an action upon the policy it appeared that the goods insured, which were of the value of about $11,000, were levied upon by virtue of an execution against the insured for about $1,000 on the day preceding the night when the fire occurred, and that on the next day the insured made a general assignment for the benefit of creditors. *Held*, that the issuing of the execution and the levy thereunder did not work a change of title or interest, within the meaning of the policy; that the taking of possession by the sheriff did not alone avoid the policy; that a change of possession did not have that effect unless the occupancy of the place where the goods were was also changed in such a manner as to become more hazardous; and that as this question was one of fact dependent upon the circumstances shown, it was properly submitted to the jury.

Reported below, 64 Hun, 129.

(Argued December 1, 1892; decided January 17, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 26, 1892, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action upon a policy of fire insurance.

The facts, so far as material, are stated in the opinion.

*A. H. Sawyer* for appellant. The policy of insurance, issued by the defendant to the plaintiff's assignor, had become void prior to the fire, by reason of the change of interest, and change of possession, caused by the levy of the execution by the sheriff and the taking possession of the property by him under such levy. (*Colt* v. *P. Ins. Co.*, 54 N. Y. 598; *S. P. Ins. Co.* v. *Archibold*, 16 Ins. Law Jour. 153; *Miller* v. *Adsit*, 16 Wend. 335; *Rew* v. *Barber*, 3 Cow. 272; Code

Civ. Pro. § 1405; *Stewart* v. *Beale*, 7 Hun, 405; 68 N. Y. 629; *Roth* v. *Wells*, 29 id. 472, 489; *Bond* v. *Willet*, 29 How. Pr. 47, 50; 31 N. Y. 102; *Butler* v. *Maynard*, 11 Wend. 548, 550; *Hale* v. *Sweet*, 40 N. Y. 98; *Hathaway* v. *Howell*, 54 id. 97; *Williams* v. *Shelly*, 37 id. 377; *Ray* v. *Birdseye*, 5 Den. 619, 625.) The ruling and charge of the trial court that the condition of the policy in reference to change of interest, title or possession, must be qualified in this case by the phrase found in parenthesis, " except change of occupants without increase of hazard," was error. (*S. F. & M. Ins. Co.* v. *Allen*, 43 N. Y. 394; *Quinlan* v. *P. W. Ins. Co.*, 133 id. 365; *Browning* v. *H. Ins. Co.*, 6 Daly, 525.) The levy by the sheriff on the fourth of April was full and complete in every particular. (*Dean* v. *Campbell*, 19 Hun, 534; *Roth* v. *Wells*, 29 N. Y. 471, 484, 485; *Bond* v. *Willett*, 1 Keyes, 377, 385; *Barker* v. *Binninger*, 14 N. Y. 270, 277; *Elias* v. *Farley*, 3 Keyes, 398.) The ruling of the trial court that the condition of the policy providing that the same should be void if the interest of the assured be other than unconditional and sole ownership, was limited to and related to the title of the property when the policy was issued, and not to any subsequent effected or changed condition, was error. (*Short* v. *H. Ins. Co.*, 90 N. Y. 16; *Lasher* v. *S. J. F. & M. Ins. Co.*, 86 id. 423; *Weed* v. *L. & L. Ins. Co.*, 116 id. 106; *Rohrbach* v. *G. Ins. Co.*, 62 id. 47, 60; *Treadway* v. *H. Ins. Co.*, 28 Conn. 68; *Baldwin* v. *P. Ins. Co.*, 60 N. H. 164.) The ruling of the trial judge, that the forfeiture occasioned by the change of interest, title or possession by virtue of the levy made by the sheriff, was waived by the service of notice of loss upon the agent Morrow on the seventh day of April, without any act whatever on his part, was error. (*Devins* v. *M. & F. Ins. Co.*, 83 N. Y. 168; *Brown* v. *L. A. Co.*, 40 Hun, 101; *Armstrong* v. *A. Ins. Co.*, 130 N. Y. 560.)

*C. W. Thompson* for respondent. There was no change of interest, title or possession within the meaning of the policy. (*Buster* v. *Neukirk*, 20 Johns. 75; *Green* v. *H. F. Ins. Co.*,

82 N. Y. 517; *Browning* v. *H. Ins. Co.*, 71 id. 509; *Sherman* v. *N. F. Ins. Co.*, 46 id. 526; *Hitchcock* v. *N. Ins. Co.*, 26 id. 68; *Burleigh* v. *G. F. Ins. Co.*, 90 id. 220; *Baldwin* v. *C. Ins. Co.*, 60 Hun, 389.) The company itself waived this forfeiture, if any occurred. (*Pitney* v. *G. F. Ins. Co.*, 65 N. Y. 21, 22; *Titus* v. *G. F. Ins. Co.*, 81 id. 419; *Prentice* v. *K. L. Ins. Co.*, 77 id. 488; *Walsh* v. *H. F. Ins. Co.*, 73 id. 9; *Haight* v. *C. Ins. Co.*, 92 id. 51; *Goldwater* v. *L., L. & G. Ins. Co.*, 39 Hun, 179; 109 N. Y. 618; *Goodwin* v. *M. M. Ins. Co.*, 73 id. 495; *Benninghoff* v. *A. Ins. Co.*, 93 id. 504; *Landus* v. *W. F. Ins. Co.*, 86 id. 417; *Wolfe* v. *S. F. Ins. Co.*, 39 id. 51.)

O'BRIEN, J. The payment of the loss in this case is resisted by the insurance company upon the ground that there was a breach of one of the conditions of the policy, upon which its liability depended. The question upon which the case turns is the construction and effect to be given to the following condition, constituting a part of the contract:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, etc., * * * ; or if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (*except change of occupants without increase of hazard*) whether by legal process or judgment or by voluntary act of the insured or otherwise."

We agree with the learned counsel for the defendant that such a condition in a contract of insurance must be construed fairly and in accordance with what appears or must be presumed to have been the intention of the parties. The subject of the insurance was a stock of goods described as then in a brick store in the village of Theresa, N. Y. The property was destroyed by fire which occurred about twelve o'clock on the night of April 4, 1890. Nearly two months before the fire a judgment was recovered against the insured, who was the plaintiff's assignor, and on April 2, 1890, an execution was issued upon the judgment, to the sheriff of

the county and delivered to him the next day. On April 4, the day following, the sheriff went to the store of the insured and demanded payment of the amount of the execution, and payment not being made he levied upon all the goods which, at the trial, were shown to have been worth about $11,000, and the sum due upon the execution was something over one thousand dollars. Some discussion appears to have been had in the courts below in regard to the question whether what was done by the sheriff amounted to a legal levy upon the property, but a correct conclusion seems to have been reached in that respect as it appears that he procured the key of the store and took what, at least, amounted to a symbolical possession, at the same time making a minute of the levy upon his book. The day after the fire the insured made a general assignment to the plaintiff for the benefit of creditors. The defendant insists that, upon these facts, there was such a change of interest and change of the possession as avoids the policy, within the meaning of the above conditions. If there was a change of interest, within the meaning of the policy, that result was produced by the delivery of the execution to the sheriff, as the goods of the debtor are bound from that time (Code, § 1405). The levy was not necessary to work such change and the only effect it had was to change the possession. We must first determine what the parties to the contract intended when they made use of the terms, "change in the interest, title or possession of the subject of insurance." The interest which a person may have in property is affected in many ways without producing a change in such interest, as that term is generally understood; when he contracts a debt or incurs an obligation this, in a broad sense, may affect such interest, as the property constitutes the means of payment and his pecuniary condition, in a general sense, depends upon what he has left after discharging all his debts and obligations. The debt assumes another form by the recovery of a judgment, and the execution is the process which, when delivered to the officer, clothes him with authority to enforce the collection of the debt. That is the foundation of

all the subsequent steps, and while each event in the progress of proceedings for collection may bring the debtor and creditor into closer relations and press nearer upon the property of the debtor, yet his title or interest in the property is not divested or transferred until a sale is made which operates in law to transfer his interest to another. By the delivery of the execution and the levy thereunder the officer has simply obtained authority, at some future time and in the mode prescribed by law, to expose the property of the debtor for sale, and that is the final act which changes the title and interest of the debtor. The officer has, no doubt, in law and from the necessity of the case a sufficient interest in the property levied upon to enable him to protect it by insurance or against the acts of wrongdoers, otherwise the proceedings for collection of the debt might be defeated, but still the owner retains the title in the same sense that he did after he made default in the payment of the debt which, as we have seen, is the basis of every step in the process of enforcement. His interest is, no doubt, affected by the issuing of the execution and the levy, but that is also true, though perhaps in a more remote sense, by contracting the debt. The words " change of interest," as used in the policy, are substantially synonymous with the words " change of title," and neither event occurs until the sale upon the execution. It may be asked what effect is, under such construction, to be given to the word *interest*, as used in the condition. It must be borne in mind that the standard policy now in use is so framed as to contain words suitable and applicable to every subject of insurance, but all the provisions are not necessarily applicable in every case. That must always be so whenever a contract in the same form and expressed in the same language is sought to be applied to different things, or to different classes of property. The subject of insurance, its condition and situation and the surrounding circumstances may vary so as to render words and phrases contained in the policy not strictly applicable. There is a large class of risks, however, to which the word " interest " as used in the condition under consideration, is, no doubt, applicable. Policies are frequently

written in favor of parties who have a claim upon property in the nature of a lien to secure the payment of a debt and perhaps for other purposes.

When the debt is paid or transferred the interest of the insured in the subject of insurance is changed and the indemnity of the policy cannot inure to the benefit of another in the absence of express provision or consent of the company. In such cases the word can have full effect and a perfectly natural and appropriate application. It is manifest that the parties to this contract knew and intended that in some respects the interest of the insured in the property covered by the insurance would be changing from day to day. The insured was a country merchant who, after he had effected the insurance, was at liberty to carry on trade in the goods, to buy and sell and contract debts as before and, under such circumstances to say that whenever an execution was delivered to the sheriff, or even the town constable, for any sum no matter how insignificant, the policy was thereby avoided, would be to give to this condition a very harsh and narrow construction and one which, it seems to me, was never within the contemplation of the parties. The fair and reasonable construction which we are bound to give to the contract does not require us to go as far as that. (*Quinlan* v. *Providence W. Ins. Co.*, 133 N. Y. 365.) There are cases where it has been held that the recovery of a judgment and the levy of an execution avoided a policy, but that was in consequence of an express provision to that effect in the policy. These provisions have been omitted from this policy and the same result cannot be accomplished by a condition against a change of interest.

That there was no such change of interest in this case, as is fairly contemplated by the policy, has been conclusively settled against the defendant's contention by a decision of this court. In *Green* v. *Homestead Fire Ins. Co.* (82 N. Y. 517), the policy contained a condition rendering it void "if the interest of the insured be changed in any manner, whether by act of the insured or by operation of law." The subject of the insurance was real property and a mechanics' lien had been

filed and took effect thereon within the life of the policy and before the loss. It was urged by the defendant that there could be no recovery in the case for the reason that there was a breach of the condition against any change of interest. Judge RAPALLO, giving the opinion of the court, disposed of the question in a single sentence in which he said, " The notice filed in pursuance of the mechanics' lien law clearly did not affect any change of interest in the property insured," and the plaintiff recovered. I am unable to perceive that there is any satisfactory distinction to be made between the filing of a mechanics' lien upon real estate and the delivery of an execution against personal property, followed by a levy. So that upon authority and reasonable construction, as to the intention of the parties, there was no change of interest in the case at bar. (92 N. Y. 55 ; 71 id. 508.)

The change of possession produced by the levy and the action of the sheriff remains to be considered. The policy is not avoided, by the terms of the condition referred to, by every change of possession that may take place in the property. A change of occupants, without increasing the hazard, is excepted from the operation of the condition and does not invalidate the insurance. The learned counsel for the defendant argues that the exception in the condition does not apply when personal property is the subject of the insurance and does not apply in this case as there can not be an occupant of goods in a store, consistent with the ordinary and appropriate use of language. The General Term has shown that the word occupant is sometimes used with reference to personal property. When the subject of insurance is a ship, a building not attached to the soil, so as to become part of the realty, or other things of like character, the term " change of occupants " would be appropriate. When it is used in reference to goods in a store its fitness is not so apparent. But as the words of the policy were used to meet all cases we have no right to say that the exception in the condition was not designed to apply when goods were the subject of insurance, merely because the term " change of occupants " does not seem to be the most

natural and appropriate. A large part of the contracts of
insurance now entered into relate to personal property and to
hold that such an important exception, as that now under con-
sideration, to the broad terms of a condition, had no applica-
tion to such contracts, would make the rights of the parties
turn upon the literal meaning of a word. What the parties
intended was that a change in the control and dominion over
the property should not avoid the policy, unless such change
rendered the risk more hazardous. A change in the posses-
sion of a store of goods, must, moreover, refer to the place
where the goods are situated. In this case they are described
as situated in a brick store. The place where the goods were
kept, though not the subject of insurance, was an important
element in the risk and it was natural and proper for the par-
ties to provide against a more hazardous change in the occu-
pancy of that place and hence the parties agreed that in case
the possession of the goods changed that fact alone would not
avoid the policy unless the occupancy of the place where they
were was also changed in such a manner as to become more
hazardous. In this way the words of the exception can be
given their ordinary and natural meaning and the exception
itself can have effect. It is only in a plain case that we are
warranted in saying that the parties have used language not
intended to have any application to the subject-matter of the
contract. Whether the change of possession that was shown
in this case, followed by a change of occupants, was or was not
more hazardous, depended upon the circumstances shown and
presented a question of fact, which the learned trial judge prop-
erly submitted to the jury, and was determined in favor of
the plaintiff. While the act of 1886 (Chap. 486) makes the use of
uniform policies by insurance companies compulsory, the state
did not assume to dictate its form. That was left to the under-
writers themselves, and it must be assumed that they used
words and phrases in conditions with reference to the previous
decisions of the courts, in respect to their meaning and effect,
and when they used the expression change of interest, they
must have had in mind the fact that this court had held that

the filing of a mechanics' lien did not work such change, and, therefore, it is reasonable to assume that it was understood that the lien acquired by a levy upon goods, under an execution, would have no such effect.   So also the conditions with respect to change of possession had been frequently construed, and it had been held that the transfer of an interest by one partner to another, or the appointment of a receiver of partnership property, in an action to dissolve the partnership, and other acts of the insured in regard to the subject of the insurance, did not produce such change within the meaning of conditions substantially like the one in this case.   (*Keeney* v. *Home Ins. Co.*, 71 N. Y. 396; *Hoffman* v. *Ætna Fire Ins. Co.*, 32 id. 405; *Browning* v. *Home Ins. Co.*, 71 id. 509; *Shearman* v. *Niagara Fire Ins. Co.*, 46 id. 526; *Hitchcock* v. *Northwestern Ins. Co.*, 26 id. 68; *Hennessey* v. *Manhattan Fire Ins. Co.*, 28 Hun, 98.)

While the provisions of the contract are not to receive a harsh or narrow construction against either the insurer or insured, still the question must be solved by an application of the principles which courts have applied in analogous cases. There is an exception in the case to the ruling of the learned trial judge, that the forfeiture of the policy, if any, might be considered as waived by the defendant in receiving notice and proofs of loss without objection, after knowledge of all the facts.   No question of that kind seems to have been submitted to the jury, as they were allowed to pass upon but one question, namely, whether the hazard was increased by the change of possession.   But as we are of opinion that there was no breach of the conditions, and that whatever was said upon the subject of waiver by the trial judge, was upon the assumption that there was, or might have been, such breach, and a consequent forfeiture, the ruling is now immaterial.   The other questions in the case present no ground for reversal, and were correctly disposed of in the courts below.

The judgment should be affirmed.

All concur, except EARL, PECKHAM and GRAY, JJ., dissenting.

Judgment affirmed.