RICHARD LATHERS, JR., and RICHARD O'GORMAN, as
Trustees under the Last Will and Testament of
RICHARD LATHERS, Deceased, Plaintiffs, *v.* FANNIE
HAMLIN, THE MAZE REALTY COMPANY OF NEW YORK
and MAGDALINA LIEB, Defendants.

(Supreme Court, New York Special Term, February, 1918.)

Receivers — foreclosure — when not bound to make return to treasury
department of United States government.

> A receiver of the rents and profits in foreclosure is not
> liable for any federal income tax upon moneys received and paid
> out during the course of his receivership, and, therefore, he
> is not in duty bound to make any return to the treasury depart-
> ment of the United States government.

ACTION to foreclose a mortgage.

R. & E. J. O'Gorman, for plaintiffs.

Adolph and Henry Bloch, for defendants.

HOTCHKISS, J. This was an action to foreclose a
mortgage. On March 5, 1917, William T. Van Alstyne
was appointed receiver of the rents and profits of
the mortgaged property, and as such receiver took
possession of and managed the property until October
31, 1917. During this period the receiver, as directed
by the order of appointment, received the rents of the
premises and paid the operating expenses. The
receiver is now ready to file his report and to render
an account of his proceedings and of the moneys ·
received and paid out during the course of his receiver-
ship. Anticipating that the United States government
might possibly make some claim against him for taxes

Supreme Court, February, 1918.　　　　[Vol. 102.

under the Federal Income Tax Law, the receiver has communicated with the treasury department and has, by a series of letters, set forth all of the facts, as the result of which the receiver has been officially informed that in the opinion of the department he ''is required to file a return showing the net income received * * * and will be obliged to pay the tax shown to be due by such return.'' The receiver now petitions the court for instructions. The power to appoint a common-law receiver is a prerogative of a court of equity in aid of its jurisdiction, and by means of which the *res* is detained *in custodia legis* until in the orderly course of procedure the rights of the parties can be determined. Until interlocutory decretal order or final decree the title and interest of the parties in the *res* remains as before suit brought. The only purpose of the receivership is to secure the property or thing in controversy so as to preserve it from loss or destruction or waste and that it may be subjected to such order or decree as the court may subsequently make. The receiver in such a case is to be distinguished from a statutory receiver whose title and functions are prescribed by the statute under which he is appointed. *Boonville Nat. Bank* v. *Blakey,* 107 Fed. Repr. 891, 894. The receiver in such a case as the present is a mere custodian and manager of the property under the direction of the court. He is not a trustee for creditors; he has no title; he has no powers save such as are conferred by the order of appointment. His possession is the possession of the court. He may pay out no money save as authorized by law or by the court which appointed him. The foregoing principles are elementary in every common-law jurisdiction, and they are recognized in this state as well as in the federal courts. *Keeney* v. *Home Ins. Co.,* 71 N. Y. 396; *Davis* v. *Grey,* 83 U. S. 203, 217. The moneys com-

ing into the hands of the receiver are not the avails of trade, commerce, investments, employment, occupation or service. They are not in any sense "income" within the meaning of the statute — at least so far as the receiver is concerned. When the receiver shall have accounted and the moneys remaining in his hands shall have been paid to the parties entitled thereto, doubtless these moneys will be taken into consideration by the recipients when making their tax returns. In answer, therefore, to the petition of the receiver, he is instructed that he is under no duty to make any return to the treasury department of the moneys received by him and that he is not liable for any federal income tax upon such moneys. But to avoid any unnecessary controversy, and that respectful attention may be given to the communication of the treasury department, the court suggests that the receiver communicate further with the department, calling attention to these instructions.

Ordered accordingly.