## PRUDENTIAL INS. CO. OF AMERICA v. LIBERDAR HOLDING CORPORATION.

### No. 7058.

District Court, E. D. New York.
March 28, 1934.

Greenbaum, Wolff & Ernst and Stephen Callaghan, all of New York City (Stephen Callaghan, of New York City, and Thomas A. Gaffney, of Brooklyn, N. Y., of counsel), for ancillary receivers.

MOSCOWITZ, District Judge.

The ancillary receivers in equity of the defendant herein have petitioned this court for an order (1) modifying the injunction made herein on September 6, 1933, restraining the defendant from conveying any of its property, (2) authorizing the defendant to convey the property described as and by the street No. 1059 New Lots road, in the borough of Brooklyn, county of Kings, city and state of New York, to the mortgagee, John C. Von Glahn, as executor under the last will and testament of Henry Von Glahn, or his nominee, subject to all liens and incumbrances in lieu of foreclosure in consideration of paying to the defendant and its ancillary receivers the sum of $250 and releasing the defendant and its ancillary receivers from any and all obligations, and (3) authorizing the ancillary receivers to consent to such a conveyance. The complainant and defendant herein have consented to the granting of the order as prayed for in the petition herein.

From said petition it appears that the above-described premises are incumbered by a mortgage in the sum of $15,000. Interest in the sum of $1,275 and taxes in the sum of $1,549.85 are unpaid, and by reason thereof the mortgagee has threatened to commence

foreclosure proceedings which will forever bar the defendant from any right, title, or interest in the property. In lieu of foreclosure, however, the mortgagee has offered the defendant and its ancillary receivers the sum of $250, and has offered to release the defendant from its obligations on the bond given to secure the payment of the mortgage, and from any and all other claims in consideration of a conveyance to him of title to the above-described property subject to all liens and incumbrances.

In order to determine whether the acceptance of the proposed offer would be of benefit to the estate of the defendant herein, the ancillary receivers have caused the property to be appraised by a competent real estate expert and attached to the petition is an affidavit of the appraiser, which states that in his opinion the property is worth $15,000, but that due to present real estate conditions it would be difficult to procure this sum upon a sale.

The mortgage being in the sum of $15,000 and the property being appraised at $15,000, it is apparent that there is no equity in the same. When there is taken into consideration the fact that interest and taxes are in arrears to the extent of $2,824.85, there can be no doubt but that the offer made by the mortgagee should be accepted as being beneficial to the estate herein. By accepting the offer the estate will be enriched to the extent of the offer and its liabilities will be decreased to the extent of the defendant's obligations on the bond given to secure the payment of the mortgage. From all practical considerations it therefore appears to be for the best interests of the estate herein to authorize the defendant and its ancillary receivers to accept the offer and approve the conveyance in accordance therewith.

The only question is, whether this proposed sale is a judicial sale under order or decree of the United States court, within the purview of the Act of March 3, 1893, c. 225, §§ 1, 3, 27 Stat. 751, title 28, U. S. C., §§ 847, 849 (28 USCA §§ 847, 849), which reads as follows:

"§ 847. *Sales; real property under order or decree.* All real estate or any interest in land sold under any order or decree of any United States court shall be sold at public sale at the courthouse of the county, parish, or city in which the property, or the greater part thereof, is located, or upon the premises, as the court rendering such order or decree of sale may direct."

"§ 849. *Same; necessity of notice.* No sale of real estate under any order, judgment, or decree of any United States court shall be had without previous publication of notices of such proposed sale being ordered and had once a week for at least four weeks prior to such sale in at least one newspaper printed, regularly issued and having a general circulation in the county and State where the real estate proposed to be sold is situated, if such there be. If said property shall be situated in more than one county or State, such notice shall be published in such of the counties where said property is situated, as the court may direct. Said notice shall, among other things, describe the real estate to be sold. The court may, in its discretion, direct the publication of the notice of sale herein provided for to be made in such other papers as may seem proper."

In Yazoo & Mississippi Valley Railroad Company et al. v. City of Clarksdale, 257 U. S. 10, 42 S. Ct. 27, 29, 66 L. Ed. 104, 109, this act was held to be limited to judicial sales. Chief Justice Taft, writing for the unanimous court, stated: "We think that the language of this act limits its application to judicial sales made under order or decree of the court and requiring confirmation by the court for their validity, and that it does not extend to sales under common-law executions. * * *"

A "judicial sale" is defined in Black's Dictionary as: "One made under the permission of a Court having competent authority to order it, by an officer duly appointed and commissioned to sell, as distinguished from a sale by an order in virtue of his right of property."

The proposed conveyance or sale has none of the elements of a judicial sale. It is a voluntary private sale made by the lawful owner of the property in the usual course of its business for a sufficient consideration. The permission of this court is sought solely for the purpose of complying with the decree of this court which enjoined the defendant from conveying any of its property. The court, by its order, has enjoined the defendant from the exercise of the jus disponendi. The permission now sought is to modify the injunction restraining the exercise of this right. Such permission would add nothing to the validity of the title to be conveyed. The ancillary receivers have no title, but merely the custody, of the defendant's property. The appointment of the ancillary receivers merely placed the defendant's property in their care and custody as officers of the court pending the settlement of the estate.

In Union National Bank of Chicago et al. v. Bank of Kansas City et al., 136 U. S. 223, 10 S. Ct. 1013, 1017, 34 L. Ed. 341, 346, the court stated: "A receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion or by whose consent he is appointed; and the utmost effect of his appointment is to put the property from that time into his custody, as an officer of the court, for the benefit of the party ultimately proved to be entitled, but not to change the title, or even the right of possession, in the property." See, also, Quincy, Missouri & Pacific Railroad Company et al. v. Solon Humphreys et al., 145 U. S. 82, 12 S. Ct. 787, 36 L. Ed. 632.

In American Brake Shoe & Foundry Co. v. New York Rys. Co. (C. C. A. 2) 282 F. 523, 528, the court held: "The receiver, it is to be noted, was appointed under a creditors' bill, and was a mere chancery receiver or arm of the court, extended about the assets of an insolvent corporation for their preservation, and for their ultimate sale and distribution among the insolvent company's creditors. Such a receiver takes no title to the property * * *."

In Durand & Co. et al. v. Howard & Co. et al. (C. C. A. 2) 216 F. 585, 589, 590, 591, L. R. A. 1915B, 998, the court stated:

"The chancery receivers are not assignees of the lease. By their appointment they acquired no title. They only obtained a right to the possession of the property as the officers of the court. Keeney v. Home Ins. Co., 71 N. Y. 396, 27 Am. Rep. 60; Stokes v. Hoffman House, 167 N. Y. 554, 559, 60 N. E. 667, 53 L. R. A. 870. * * *

"The rules which govern an assignee are not necessarily applicable to a chancery receiver who holds no title, is an officer of the court and derives his powers from the court, and is simply holding possession for the court pending a settlement of the estate. * * *

"A chancery receiver takes no title to the leasehold estate, but has mere possession as an officer of the court. * * *"

A "judicial sale" is one made pursuant to some order or decree creating or declaring a right to sell and which right would not be exercised but for the order or decree. In Re La France Copper Co. (D. C.) 205 F. 207. However, the order sought herein does not create or declare any right to sell, but merely modifies the injunction preventing the defendant from exercising the jus disponendi in order to carry out a private contract which would be valid even without this court's sanction, although the failure to obtain such sanction would be an act in contempt of this court. The granting of the order sought would merely be authority to the defendant to complete its voluntary undertaking. In the case of Christie v. Gage, 71 N. Y. 189, a religious corporation having a limited right to convey applied to the court for permission to convey. The court there held: "There is no ground for the contention that the conveyance, having been made by the church in pursuance of the order of the court, obtained on its application, made the transaction a judicial sale, and, therefore, not within the statute. The church, as a religious corporation, organized under the act of 1813, had only a limited capacity to convey. It could convey only under the sanction of the court, and the order obtained in this case was simply the authority for completing its voluntary undertaking to sell the lands in question."

It appears that the granting of the order sought herein without the necessity of complying with the Act of March 3, 1893, supra, has ample precedent. The solicitors for the ancillary receivers herein, in their brief in support of the petition, have advised this court that, in the case of Olin J. Stephens et al. v. American Realty Estate Company, United States District Court, Southern District of New York, No. E 13—239, and in the ancillary proceedings in this court, No. E 3—76, the property of the defendant was in possession of equity receivers appointed by the court, and pursuant to order made therein the defendant was restrained from conveying any of its property. During the course of the administration of that receivership, many orders similar to that sought herein were granted by many judges modifying the injunction and authorizing the defendant to convey its property with the consent of its receivers without the necessity of complying with the Act of March 3, 1893, supra.

This court being satisfied that the proposed sale is not a judicial sale within the purview of the Act of March 3, 1893, supra, and that the proposed sale appears to be for the best interests of the estate of the defendant herein, the petition will be granted, and the order submitted therewith signed.