## PRUDENTIAL INS. CO. OF AMERICA v. LAND ESTATES, Inc.
### No. 7059.

District Court, E. D. New York.
Jan. 29, 1937.

Clark & Reynolds, of New York City, for complainant.

William A. Shea, of New York City (Joseph Lapidus, of New York City, of counsel), for defendant and Superintendent of Insurance of state of New York, as liquidator of New York Title & Mortgage Co.

Greenbaum, Wolff & Ernst and Stephen Callaghan, all of New York City (Phillip F. Seigenfeld and Theodore S. Jaffin, both of New York City, of counsel), for ancillary receivers.

Albert W. Fribourg, of New York City, for Central Coal Co.

MOSCOWITZ, District Judge.

Central Coal Company, a creditor of the defendant, moves (1) for an order granting it leave to intervene in this proceeding for the limited purpose of vacating an order made by this court dated December 19, 1936, which, among other things, released from the assets of the receivership estate and excluded from the operation of the injunctive provisions issued by this court on September 6, 1933, a parcel of real property owned by the defendant, and authorized the defendant and its officers to convey the same, in lieu of foreclosure, to the superintendent of insurance of the state of New York as liquidator of New York Title & Mortgage Company, the mortgagee, for the sum of $250; and (2) for an order directing and requiring that the conveyance of said property be effected in accordance with the provisions of title 28 U.S.C.A. § 847.

There is no dispute as to the essential facts in this matter and the sole question presented is one of law, namely, whether the proposed conveyance is encompassed within the purview of title 28 U.S.C.A. § 847.

In Prudential Insurance Company of America v. Liberdar Holding Corporation, 6 F.Supp. 903, which involved a conveyance similar to the one at bar (prior to the amendment of section 847, the effect of which will be considered), this court held that section 847 applied only to a "judicial sale" and had no application to a conveyance made by a company in receivership of real property which had previously been released from the receivership estate and excluded from the operation of the restraining provisions prohibiting it from exercising its jus disponendi with respect to the property.

At the time of this decision, section 847 read as follows:

"Sales; real property under order or decree. All real estate or any interest in land sold under any order or decree of any United States court shall be sold at public sale at the courthouse of the county, parish, or city in which the property, or the greater part thereof, is located, or upon the premises, as the court rendering such order or decree of sale may direct. (Mar. 3, 1893, c. 225, § 1, 27 Stat. 751.) "

To this section, which has been altered in a minor respect, certain provisions have been added so that it now reads as follows:

"Sales; real property under order or decree. All real estate or any interest in land sold under any order or decree of any United States court shall be sold at public

sale at the courthouse of the county, parish, or city in which the property, or the greater part thereof, is located, or upon the premises or some parcel thereof located therein, as the court rendering such order or decree of sale may direct, said sale to be upon such terms and conditions as said court shall approve: Provided, however, That if said property shall be situated in more than one county, State, judicial district of the United States, or judicial circuit of the United States, whether in one or more parcels, said property shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part thereof is located or upon the premises or some parcel thereof as the court rendering such order or decree of sale may direct: And provided further, That if at the time said property is offered for sale it is in the possession of a receiver or receivers, or ancillary receiver or ancillary receivers, appointed by one or more district courts of the United States, said property wherever situated shall be sold at public sale in the district of primary jurisdiction at the courthouse of the county, parish, or city situated therein in which the greater part of said property in said district is located or on the premises or some parcel thereof located in such county, parish, or city therein as the court having primary jurisdiction by such order or decree of sale may direct, unless said court shall order the sale of the properties or one or more parcels thereof in one or more ancillary districts. The United States court having primary jurisdiction shall be deemed to be the court first appointing any such receiver.

"After a hearing of which notice to all interested parties shall be given by publication or otherwise as the court may direct, the court may order and decree the sale of such real estate or interest in land or any part thereof at private sale for cash or other considerations and upon such terms and conditions as the court directing the sale may approve, if it finds that the best interests of the estate will be conserved thereby: Provided, That before confirmation of any private sale, the court shall appoint three disinterested persons, to appraise said property or, if the court deems advisable, different groups of three appraisers each to appraise properties of different classes or situate in different localities, and no private sale shall be confirmed at a price less than two-thirds of the appraised value: Provided further, That before confirmation of any private sale, the terms of such sale shall first be published in such newspaper or newspapers of general circulation as the court having jurisdiction may direct at least ten days before confirmation; and such private sale shall not then be confirmed by said court where a bona fide offer has been made, under such conditions as said court may prescribe, which offer shall guarantee at least a 10 per centum increase over the offered price specified in such private sale. The provisions of this section shall apply to sales and proceedings now pending in the courts of the United States as well as those commenced hereafter. The provisions of this section shall not apply to sales and proceedings under Title 11 or by receivers or conservators of banks, appointed by the Comptroller of the Currency. (As amended June 19, 1934, c. 662, 48 Stat. 1119; Apr. 24, 1935, c. 77, § 1, 49 Stat. 159; June 19, 1935, c. 276, 49 Stat. 390.) "

An examination of the amendments and their legislative history leads this court to the conclusion that they do not affect or purport to affect the conclusion reached in Prudential Insurance Company of America v. Liberdar Holding Corporation, supra. They only apply where there is a judicial sale in the first instance and are silent with respect to conveyances which do not fall within the definition of a judicial sale.

The petitioner concedes that section 847 is limited in its application to judicial sales, but maintains that the conveyance at bar is a judicial sale within that portion of the amendment which provides " * * * That if at the time said property is offered for sale it is in the possession of a receiver or receivers, or ancillary receiver or ancillary receivers, appointed by one or more district courts of the United States, said property wherever situated shall be sold at public sale * * *."

Petitioner fails to distinguish between a conveyance made by a receiver as an officer of the court whereby title passes from the court, as vendor, to the purchaser, and a conveyance made by a company in receivership through its officers, after the property has been withdrawn from the receivership estate and returned to the possession and custody of the company. In the former case, there is present all of the elements of a judicial sale and compliance with the provisions of section 847 is mandatory. How-

ever, in the latter case the proposed conveyance is not a sale by receivers of property in their possession within the language of the statute referred to by the petitioner and does not constitute a judicial sale. The instant conveyance falls within the latter category and is governed by the prior ruling of this court in Prudential Insurance Company of America v. Liberdar Holding Corporation, supra.

Motion denied. Settle order on notice.