Joseph A. Sarafite, J.
This is an application by a receiver in foreclosure for permission to pay accumulated pension and welfare contributions alleged to be due to a building service union by the owner of a large apartment building. The premises have had various owners since 1959. In April of 1963, the third mortgagees commenced an action to foreclose their mortgage *928 and had the receiver appointed on May 1,1963. When payments on the second mortgage conld not be made, the second mortgagees commenced an action to foreclose their mortgage, to which the receivership was extended. The union has demanded payment of the aforesaid accumulated contributions for as far back as November 1, 1959.
The collective bargaining agreement which calls for these payments was made between the union and the Realty Advisory Board on Labor Relations, Incorporated, the latter being the representative of various apartment buildings referred to as Employer. If the Employer failed to make such contributions, the trustees of the funds had ample powers to enforce the provisions under article XI (4) and article XII (3) of the agreement. The trustees never sought to collect or force the owner-employer to make such contributions, but now seeks the total amount from the receiver.
The court is of the opinion that such prior debts should not be paid by the receiver. The obligation was under contract and should have been enforced against the prior owners. It should not now be enforced against the receiver to the detriment of the lienors. The receiver is obliged to make such payments only from the date of his appointment. To hold otherwise would create havoc in the real estate market as no mortgagee could know with certainty the value of the security on which the money was loaned, if large and substantial claims, such as these would have priority to his lien. A receiver is not a trustee for the benefit of creditors. As the court said in Lathers v. Hamlin (102 Misc. 563, 564): “ The only purpose of the receivership is to secure the property or thing in controversy so as to preserve it from loss or destruction or waste and that it may be subjected to such order or decree as the court may subsequently make.”
Accordingly, the motion is granted to the extent that the receiver may pay such contributions as have accrued since his appointment.