SIDNEY S. CROSS, Respondent, *v.* THE NATIONAL FIRE INSUR-
ANCE COMPANY, of New York City, Appellant.

A contract of insurance, being an indemnity against an uncertain event,
which, if it occurs, will cause loss to the assured, the latter must have
such an interest in or relation to the insured property, that he will sus-
tain a loss from the peril insured against.

An applicant for insurance is not bound to disclose the nature or extent of
his interest to the insurer unless requested so to do ; such interest may
be shown by parol.

In an action upon a policy of insurance issued by defendant upon certain
premises to plaintiff, as "trustee," the following facts appeared: The
premises had been conveyed to plaintiff to sell and distribute the pro-
ceeds as specified; he orally agreed, on receipt of the conveyance, to take
possession of, care for, rent and keep the premises insured.    Defendant's
general agent, who issued the policy, knew that the premises were
vacant and unoccupied, having personally examined the buildings and
had notice of plaintiff's title; he asked for no information and no repre-
sentations were made to him.    The policy provided that it should be
void if the insured was not the sole and unconditional owner, or if the
buildings were not on ground owned by him in fee, or if they should
remain vacant or unoccupied.    *Held*, that plaintiff had an insurable
interest; and that the conditions as to plaintiff's title and the premises
remaining vacant and unoccupied must be deemed to have been waived.

(Argued February 5, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court, in the fifth judicial department, entered upon an order
made the first Tuesday of June, 1890, which affirmed a judg-
ment in favor of plaintiff, entered upon a verdict and affirmed
an order denying a motion for a new trial.

This was an action upon a policy of insurance against fire
issued to the plaintiff as "trustee."

The firm of Daniels & Mack were originally the owners of

the insured property.   The firm being insolvent made a general assignment to John E. Pound, and subsequently having been adjudicated bankrupts, John T. Joyce was made the assignee in bankruptcy of the individual members of the firm. Millard J. Daniels died in 1877, and John Hodge and Howard W. Helmer were administrators of his estate, and as such were the creditors of Daniels & Mack in the sum of $20,000. In consideration of this indebtedness the assignee aforesaid conveyed the real estate on which the buildings insured were situated, to Hodge & Helmer, as administrators, and in May, 1886, said administrators having substantially settled all matters relating to their trust and having no property in their possession except said real estate, conveyed it to the plaintiff in trust to sell it within two years for not less than $2,000, and after deducting a commission of five per cent, to distribute the proceeds of the sale among the heirs of their intestate, and upon receiving said conveyance plaintiff orally agreed with the administrators to take possession of the property, care for it, rent it and keep it insured.   Pursuant to that agreement the insurance in question was effected.

Further facts appear in the opinion.

*I. N. Ames* for appellant.   The trial court erred in not nonsuiting the plaintiff.   (R. S. 5289, § 6 ; *Newton* v. *Brawnson*, 13 N. Y. 594 ; *Lahens* v. *Dupasseur*, 56 Barb. 266.) The administrators could not delegate their powers or transfer their trust to the plaintiff Cross.   Therefore, it follows that the plaintiff's contract with the defendant insurance company is wholly void.   (*Coleman* v. *Beach*, 97 N. Y. 545.)   An administrator more especially takes neither estate, title or interest in the realty of his intestate.   (9 Ia. 267 ; 32 Me. 244 ; 15 Wis. 684 ; 57 Ind. 42 ; 1 Cush. 105 ; *Allen* v. *De Witt*, 3 N. Y. 276 ; *Pendleton* v. *Fay*, 2 Paige, 202.)   If the title given to the administrators by the deeds was for the purpose of putting the title in the administrators so they could sell and dispose of the real estate to pay William J. Daniels' debts, when that was done all their power over the same was

at an end. But under the evidence or lack of evidence they had no title in or to the real estate. (Story on Agency [3d ed.], § 13.) Defendant is not bound by the acts of its agent because the plaintiff knew he was deceiving defendant. (*N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 14 N. Y. 85 ; *U. Ins. Co.* v. *T. Ins. Co.*, 17 Barb. 132 ; *Murray* v. *Beard*, 102 N. Y. 505 ; *Claflin* v. *F. Bank*, 25 id. 293 ; *Halpin* v. *P. Ins. Co.*, 28 N. Y. S. R. 788.) Plaintiff has no right to claim a waiver of the condition of the policy respecting the vacancy. (*Walsh* v. *H. Ins. Co.*, 73 N. Y. 5 ; 39 Hun, 178 ; 85 N. Y. 278 ; 70 Wis. 1.)

*A. K. Potter* for respondent. The title of plaintiff, or his relation to this property, was such that insurance upon the property by him under the name of "Sidney S. Cross, trustee" was good and valid. (2 R. S. chap. 1, tit. 2, art. 2, §§ 75, 94; *Kline* v. *Q. Ins. Co.*, 7 Hun, 267 ; 69 N. Y. 614; *Stilwell* v. *Staples*, 19 id. 401 ; *Waring* v. *I. F. Ins. Co.*, 45 id. 606 ; *Sturm* v. *A. M. Ins. Co.*, 63 id. 77 ; *People* v. *L. & L. & G. Ins. Co.*, 2 T. & C. 268; Code Civ. Pro. § 449.) The agent of the company having inspected the premises himself and relied upon his own observations without any statement by plaintiff, and the proof to that effect being undisputed, the court was right in holding that defendant could not avail itself of the provision against the building remaining vacant or unoccupied more than ten days as a defense. (*Short* v. *H. Ins. Co.*, 90 N. Y. 16 ; *Haight* v. *C. Ins. Co.*, 92 id. 51; *Bennett* v. *A. Ins. Co.*, 106 id. 243 ; *Vanderhoef* v. *A. Ins. Co.*, 46 Hun, 333.)

BROWN, J. A contract of insurance is intended as an indemnity against an uncertain event, which if it occurs will cause loss to the assured.

The assured must, therefore, have some interest in or have such a relation to the insured property that he will sustain a loss from the peril insured against, otherwise the policy would be a wager which the law condemns.

The courts of this state are disposed to maintain policies where the assured has an insurable interest, and when that fact appears their validity will be determined by the conditions of the contract.

The party applying for insurance is not bound to disclose the nature or extent of his interest to the insurer unless requested.

It may be shown by parol to exist, and the company must pay its value to the extent of the amount named in the policy. (*Crowley* v. *Cohen*, 3 B. & Ad. 478; *Kernochan* v. *N. Y. Bowery Ins. Co.*, 17 N. Y. 428.)

The learned counsel for the appellant has argued several interesting questions relating to plaintiff's title to the land and the effect of the conveyance from the assignee of Daniel & Mack to the administrators, and from the administrators to the plaintiff. We do not deem it necessary to consider these questions. With the distribution of the fund arising from the insurance, the defendant has no concern, and it has none with the legal title to the land any further than it may be made applicable to the case by the conditions of the contract. While the policy contains the usual conditions declaring it void if the plaintiff was other than the sole and unconditional owner, or if the buildings were on ground not owned by the insured in fee simple, or if it should become or remain vacant or unoccupied for ten days, the court held that these conditions were waived, and the evidence clearly supported that conclusion.

The plaintiff's son was the general agent of the defendant, and personally examined the buildings before issuing the policy, and knew that they were vacant and unoccupied. He also had notice of the nature of the title, and the policy described the plaintiff as a "trustee." No information was requested of the plaintiff, and he made no representation at all to the agent, and there being no claim of collusion, the defendant was bound by the contract, even if it was deceived by its agent as to the condition or title of the property.

The only question of importance in the case, therefore, is as to the plaintiff's insurable interest.

This he could have without any legal or equitable title in the land, and hence it is not important to discuss the effect of the conveyance referred to.

He had agreed for a consideration to take possession of the property and care for it, rent it and keep it insured.

There was a possible liability which might arise out of that agreement which created in him an insurable interest to the extent of the value of the buildings, and the case falls within the principle of numerous and well recognized authorities; a few of which are cited. (*Stillwell* v. *Staples*, 19 N. Y. 401; *Waring* v. *Indemnity F. Ins. Co.*, 45 id. 606; *Sturm* v. *A. M. Ins. Co.*, 63 id. 77; *Kline* v. *Ins. Co.*, 7 Hun, 267; 69 N. Y. 614; *Berry* v. *Central Ins. Co.*, Ct. App. 2d Div. March, 1892, and cases cited.)

No other questions require consideration.

The judgment should be affirmed.

All concur.

Judgment affirmed. _____