## JOHN D. FORWARD, PLAINTIFF, *v.* THE CONTINENTAL INSURANCE COMPANY, DEFENDANT.

*Fire insurance — knowledge imparted to an agent, at or before the issuance of the policy, imputed to the company — waiver of a condition in a policy.*

The knowledge by the agent of a fire insurance company, through whom a policy was issued, of a fact communicated at or before the time of the issuing of the policy, inconsistent with a condition of the policy itself, is to be imputed to the company issuing the policy.

It is immaterial whether the agent, by whom such knowledge is thus acquired, is a general or a local agent of the company.

The issuance of a fire insurance policy, with knowledge so acquired, is deemed a waiver by the company of any ground set up therein for avoiding liability based on facts so known to its agent; and this is so, although the policy contains a prohibition of the power of an agent to waive any condition thereof.

In an action on a New York standard fire insurance policy, containing a provision prohibiting an agent from waiving any condition thereof, except in writing thereon, and a further provision that the policy, unless otherwise provided by agreement in writing, should be void if the interest of the insured was other than the unconditional sole ownership, or if personal property the subject of insurance should be incumbered by a chattel mortgage, it appeared that, at the time of the negotiation for the policy, the agent of the company was expressly informed of the existence of a bill of sale theretofore given by the insured on the stock of goods covered by the policy, and that upon the facts then disclosed the agent, being of the opinion that the bill of sale was invalid, issued the policy, and the jury having found that the bill of sale, though executed and filed, did not have any valid existence, even as between the parties thereto:

*Held,* that a verdict in favor of the insured was proper.

MOTION by the defendant, the Continental Insurance Company, for a new trial on exceptions taken at the Genesee Circuit June 28,

1892, at which a verdict was rendered by the jury in favor of the plaintiff for $2,015.65, upon a policy of fire insurance issued by the defendant to the plaintiff in the sum of $2,300.

*Sanford E. North*, for the plaintiff.

*Myron H. Peck, Jr.*, for the defendant.

MACOMBER, J.:

The defendant issued a policy of fire insurance to the plaintiff on the 23d day of April, 1891, in the sum of $2,300, covering his store, stock and fixtures in the town of Alabama, N. Y. As the result of a fire which occurred September 27, 1891, the loss sustained by the plaintiff was ascertained by the agent of the defendant to be the sum of $1,950. Subsequently, the defendant refused to pay the amount of the loss, claiming that there had been a forfeiture of the policy upon the ground that, contrary to the plantiff's statement contained in the application, the plaintiff had, about two months before the policy was issued, given a bill of sale to his brother on the stock of goods and fixtures covered by the policy. Under proper evidence laid before them, the jury found that this bill of sale, though executed and filed, did not have any valid existence, even as between the parties thereto; and further, that at the time of the negotiation of the policy and the agreement between the plaintiff and the defendant's agent, the latter was expressly informed of its existence, and how it came to be given, and upon such facts the agent, being of the opinion that it had no valid, subsisting existence, issued the policy.

This policy is the one known as the standard fire insurance policy of the State of New York, prepared by the superintendent of insurance, in pursuance of chapter 488 of the Laws of 1886. It contained, among other things, the following provisions: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, * * * if the interest of the insured be other than unconditional and sole ownership, * * * or if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage." * * *

"In any matter relating to this insurance no person, unless duly authorized in writing, shall be deemed the agent of this company." * * * "This policy is made and accepted subject to the fore-

going stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as, by the terms of this policy, may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under the policy exist or be claimed by the insured unless so written or attached."

The question is not whether the plaintiff can avail himself of an unauthorized waiver, by the defendant's agent, of any provision contained in the policy. It is, rather, whether the knowledge of the existence of the chattel mortgage, brought home to the company in this manner through its agent, who procured the policy, effects a waiver of any ground set up for avoiding liability. Two recent cases in the Court of Appeals seem to have settled this question in favor of the contention made in behalf of the plaintiff, namely, *Berry* v. *The American Central Insurance Company* (132 N. Y., 49); *Cross* v. *National Fire Insurance Company* (Id., 133).

In the case of *Berry* v. *American Central Insurance Company* the agreement provided that the policy should be void, if, without notice to the company and permission therefor, in writing, indorsed thereon, the interest of the insured be less than the entire unconditional and sole ownership of the property insured. It also contained a prohibition against the power of an agent to waive any condition of the policy, together with the following : "No notice to, and no consent of, or agreement by any agent of this company, shall be binding on this company until such notice, consent or agreement, as the case may be, is clearly expressed and indorsed in writing hereon, signed by such agent." Liability in that case was sought to be avoided by the company on the ground that the insured did not own the property covered by the policy, but was in possession of it only under a verbal agreement with his son, the true owner, to occupy the same during life, with an obligation on the part of the life tenant to keep the buildings insured. The defendant's agents

had knowledge of this fact when they issued the policy, and a recovery was sustained by the court upon the ground that the knowledge of the agent, obtained at the time of allowing the policy, was the knowledge of the company itself.

The case of *Cross* v. *National Fire Insurance Company* (*supra*) arose upon an allegation and proof that the building insured was unoccupied at the time of the issuance of the policy, contrary to the terms of the policy. But it being shown that the agent was aware of this fact at the time of the application, and at the time the policy was issued, a recovery was had, notwithstanding the fact that the policy provided that the agent did not have power to waive any condition.

In both of these cases, it is true, the agent was the general agent of the insurance company. But this circumstance can make no difference, because the ground upon which liability of the company is sustained is, that the knowledge which was imparted to the agent at the time of the application, and at the time that the policy was issued, was necessarily the knowledge of the corporation itself. (See, also, *Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y., 434; *Woodruff* v. *The Imperial Fire Ins. Co.*, 83 id., 134; Wood on Insurance, § 88, and cases there cited.)

The principal case relied upon by the learned counsel for the defendant is that of *Quinlan* v. *Providence W. Insurance Company* (133 N. Y., 356). This, however, was a case of a violation of a provision by the insured, occurring subsequently to the issuing of the policy. The policy contained a clause to the effect that the beginning of a foreclosure proceeding invalidated the policy, unless saved by agreement properly indorsed upon the policy. In that case, a mortgage, which was sought to be foreclosed, was not given until after the policy had been written, and the foreclosure was not begun until nearly two years afterwards; and the agent upon whose alleged knowledge the claim of waiver was made, had ceased to be the company's agent before the beginning of the foreclosure proceedings. (So, also, of the case of *Messelback* v. *Norman*, 122 N. Y., 578.) The waiver there relied upon was not made at the time of the application for and the issuing of the policy, but afterwards. The policy bore date, June 9, 1883. The defense arose upon the provision of the policy against liability if the buildings became vacant.

The building insured was occupied until April 17, 1884, and was destroyed on the twenty-sixth day of that month. The waiver relied upon was one made by the agent April seventeenth.

These cases do not affect the general principle, as we understand it to exist, which is, that the knowledge by the agent of a fact communicated at or before the time of the issuing of the policy of fire insurance, inconsistent with the condition of the policy itself, is to be imputed to the company issuing the policy ; for, otherwise, it must be assumed, the insured would not have accepted such policy.

It follows that the defendant's motion for a new trial should be denied.

DWIGHT, P. J., and LEWIS, J., concurred.

Defendant's motion for a new trial denied, with costs, and judgment ordered for the plaintiff on the verdict.