JOHANNA DRISCOLL, Appellant, v. THE GERMAN-AMERICAN INSURANCE COMPANY of New York, Respondent.

*Fire insurance — occupancy specified in the policy — knowledge by the company of other manner of occupancy — waiver of avoidance of the policy for non-occupancy.*

When, at the time of issuing a policy of fire insurance, the company knows that the building is occupied in a way besides that specified in the policy, it cannot, after a loss, avoid the policy for non-occupancy, merely because the single manner of occupancy specified has ceased before the loss, while the other manner of occupancy has continued.

In an action brought by the owner of a building to recover for a loss under a policy of fire insurance upon such building, stated in the policy to be " occupied as a lodge room," the defendant, the insurance company, set up as a defense a clause in the policy that it should be void " if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied."

It appeared that when the policy was issued the building was occupied one night each week as a lodge room for Knights of Labor, and that such occupancy had ceased before the loss occurred, but the plaintiff offered to show that at the time of issuing the policy, the defendant's agent knew that the building was used by the owner as a hall for public meetings of various kinds, and for that purpose was in the owner's possession and control up to the time of the loss. This evidence was excluded and the plaintiff was nonsuited.

*Held,* that the nonsuit was improperly granted ;

That the knowledge of its agent was the knowledge of the defendant company, and with this knowledge directly imputable to the company it did not lie with it to set up the removal of the lodge as a violation of the policy, but that such knowledge worked a waiver by the company of the condition upon which it sought to avoid liability;

That while the statement of the policy and application, that the building was used as a lodge, was true in fact, it was not to be construed into a warranty that the occupancy for that particular purpose was to be continuous ;

That as the policy excepted from the ground of forfeiture " exchange of occupants without increased hazard," the question of increased hazard, if it existed in the case, was one for the jury, and that there was sufficient evidence upon the question of occupancy to require the submission of that question to the jury.

APPEAL by the plaintiff, Johanna Driscoll, from a judgment of the Supreme Court, entered in the office of the clerk of Ulster county on the 24th day of April, 1893, dismissing the complaint upon the merits, after a nonsuit granted at the Ulster Circuit.

The policy of insurance upon which this action was brought, in addition to the provisions set out in the opinion, contains one providing that "if building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied," the policy shall become void.

*J. E. Van Etten,* for the appellant.

*William D. Murray,* for the respondent.

MAYHAM, P. J. :

The respondent through its general agent, who was authorized to fill up and issue policies signed in blank by the president and secretary of the respondent, issued its policy to Dennis Driscoll for one year from January 3, 1891, to January 3, 1892, for a premium of eight dollars and seventy-five cents on an amount of $700 on building described in the policy as follows : " On his one-story frame shingle-roof building 30x50 occupied as a lodge room, situate detached at Hickory Bush, in the town of Rosendale, N. Y., payable, in case of loss, to Catherine Cummings, mortgagee, as her interest may appear." This policy was indorsed as follows : " January 6, 1891. This company hereby agrees to recognize Catherine Cummings as sole owner of insured property, loss, if any, payable to her.  CHAS. B. WESTBROOK, *Agent.*"

" February 21, 1891. The title to insured property is now vested in Johanna Driscoll, as owner. Loss, if any, payable to her.
" CHAS. B. WESTBROOK, *Agent.*"

At the time of issuing this policy the hall was occupied one night each week as a lodge room for Knights of Labor.

The proof shows that the building was also used as a place for Sunday schools and religious services on Sundays, and for shows, dancing parties and other public entertainments on week days when not occupied by the Knights of Labor on the nights of their meetings. One key was always kept by the plaintiff, who was her own janitor, kept the building swept and in order for use, hired it to parties and received the income for its use.

On the trial the witness who negotiated with the defendant's agent and procured the policy, was asked by the plaintiff this question : " Did you state to Charles B. Westbrook, the agent who issued

the policy, how the building was occupied at the time the policy was issued?"

This question was objected to and the objection was sustained, and the plaintiff excepted. This question was later in the trial followed by an offer made by the plaintiff as follows:

"I offer to show that the agent who issued the policy was informed of the way that this building was used in all its details; that it was used for church purposes, Sabbath schools, for dances and other public entertainments, and that the plaintiff was in the continual occupation of the property herself."

Defendant objected. Objection sustained. Plaintiff excepted.

We are inclined to the opinion that the exclusion of this offered evidence was error.

The evidence offered did not tend to prove an unauthorized change in the condition of the policy by the agent.

Its object and effect was to prove that the defendant had knowledge at the time of taking the risk of the manner in which this building was occupied, and the purpose for which it was constructed and used; and while it was, as set out in the application, used as a lodge room, it was also to the knowledge of the company used by the owner for the purpose of a hall for public meetings of various kinds, and for that purpose was in her possession and under her control, and the proof shows that it continued so to be used and controlled up to the time of its destruction by fire, except that the Knights of Labor had ceased using it for one night each week as they were doing at the time the policy was issued.

With this knowledge directly imputable to the defendant it did not lie with it to set up the removal of the lodge as a violation of the policy of insurance, but rather such knowledge worked a waiver by it of the condition upon which it now seeks to avoid liability. It would be little less than a fraud upon the insured to allow an insurance company to receive the premium and issue a policy with knowledge of the existence of a fact at the time of such issue upon which it could claim, on the happening of a loss against which it assumes to insure, a forfeiture of the policy.

In *Forward* v. *Continental Ins. Co.* (21 N. Y. Supp. 665) the court, in discussing the principle involved in the question and offer above quoted, uses this language: "The question is not whether

the plaintiff can avail himself of an unauthorized waiver by the defendant's agent of any provision contained in the policy. It is rather whether the knowledge of the existence of the chattel mortgage, brought home to the company in this manner through its agent, who procured the policy, effects a waiver of any ground set up for avoiding liability. Two recent cases in the Court of Appeals seem to have settled this question in favor of the contention made in behalf of the plaintiff, namely, *Berry* v. *Insurance Co.* (132 N. Y. 49; 30 N. E. Rep. 254) and *Cross* v. *Insurance Co.* (132 N. Y. 133; 30 N. E. Rep. 390)."

In *Berry* v. *American Central Insurance Co.* (132 N. Y. 49) the assured informed the agent who issued the policy that his son had bought the property of him; that he was to have it as a home as long as he lived, and was to insure it, and the court held that this statement fairly gave notice that the plaintiff was not the owner.

In *Cross* v. *National Insurance Co.* (132 N. Y. 133) the defendant's agent who issued the policy knew that the premises were vacant and unoccupied, having personal knowledge of that fact, and had notice of the plaintiff's title. The policy provided that it should be void if the insured were not the sole and unconditional owner, or if the building were not on ground owned by him in fee, or if it should remain vacant and unoccupied, and it was held that the plaintiff had an insurable interest, and that the condition as to the plaintiff's title, the premises remaining vacant and unoccupied, must be deemed to have been waived.

Within these cases, and many others that might be cited, we think it must be held that the knowledge of the agent was that of the company, and that it was competent for the plaintiff to prove that knowledge, and the exclusion of evidence offered for that purpose was error.

Again, the language of the policy and application, that the building was used as a lodge, while it is true in fact, cannot, we think, be construed into a warranty that occupancy for that particular purpose was to be continuous. (*O'Niel* v. *Buffalo Fire Ins. Co.*, 3 N. Y. 122; *Smith* v. *Mech. & Traders' Ins. Co.*, 32 id. 399; *Blood* v. *Howard Fire Ins. Co.*, 12 Cush. 472.)

The policy itself excepted from the ground of forfeiture "exchange of occupants without increased hazard," and if the ques-

tion of increased hazard existed in the case, it was clearly one for the jury. (*Walrant* v. *Phœnix Ins. Co.*, 136 N. Y. 375.)

A change of occupancy will not avoid a policy unless there is a substantial increase of risk. (*Miller* v. *Oswego & Onondaga Ins. Co.*, 18 Hun, 525.)

We are also inclined to the opinion that there was sufficient evidence upon the question of occupancy to require the submission of that point to the jury, and that it was error to deny plaintiff's motion to submit the question to the jury.

The judgment should be reversed and a new trial ordered, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, new trial granted, costs to abide the event.