WILLIAM C. WILL and ALFRED F. JONES, Respondents, *v.* POSTAL TELEGRAPH CABLE COMPANY, Appellant.

*Telegraph corporation — when a stipulation that a telegraph messenger is the agent of the sender will not be enforced.*

The tendency of the courts has been to restrict the rule that corporations may limit their common-law liability by express stipulation, rather than to expand it.

The rule cannot be invoked to excuse a corporation from the consequences of its own gross negligence.

In an action brought to recover damages for the failure of the defendant to transmit a telegraphic message, it appeared that one of the plaintiffs, who was in the city of New York, addressed to his firm in the city of Buffalo a dispatch relative to important business, and demanded an immediate reply. The manager of the defendant sent a dispatch by a messenger to the firm and told the messenger to wait for an answer; the messenger received an answer which he put in his pocket and returned to the office of the defendant. The answer remained in his pocket until accidentally discovered the next day. The message blank of the company contained a condition to the effect that whenever a message was sent to its office by one of its messengers the messenger should be deemed the agent of the sender.

*Held*, that the company was liable for the default or omission of the messenger, and that the rule or condition interposed as a defense was not reasonable in its character, nor in accord with good sound public policy;

That, even if the condition were given the effect claimed for it, the company was still liable, for the reason that, when the manager of the company directed the boy to obtain an answer to the message, the boy became the agent of the company; and the fact that he asked, waited for and received the plaintiffs' message constituted a waiver of the regulation by the company.

APPEAL by the defendant, the Postal Telegraph Cable Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 14th day of June, 1895, upon the verdict of a jury rendered after a trial at the Erie Circuit.

This action was brought to recover damages caused by the defendant's failure to transmit a message sent by the plaintiffs to one of their firm in reply to a prior message received from him. The facts, so far as material, are referred to in the opinion.

*H. C. Day*, for the appellant.

*D. N. McNaughtan*, for the respondents.

ADAMS, J.:

It is now a well-settled rule of law that corporations may restrict their common-law liability by express stipulation. This rule has its limitations, however, and such advantage has been taken of the opportunity which it affords to certain classes of corporations to escape all liability upon their contracts, that the tendency of the courts has very properly been in the direction of its restriction rather than expansion. (*Breese* v. *U. S. Tel. Co.*, 48 N. Y. 141; *Nicholas et al.* v. *N. Y. C. & H. R. R. R. Co.*, 89 id. 370; *Kenney* v. *N. Y. C. & H. R. R. R. Co.*, 125 id. 422; *Mowry* v. *W. U. Tel. Co.*, 51 Hun, 126; *Pearsall* v. *W. U. Tel. Co.*, 124 N. Y. 256.) It has never, so far as we are aware, been held to exempt a corporation from the consequences of conduct which amounts to gross negligence, but precisely where to draw the line between acts of ordinary negligence and those to which a harsher term may be applied, is sometimes attended with considerable difficulty. Fortunately, however, this case is relieved of this embarrassment, for if ever there was an act which could be char-

acterized as flagrantly careless, it was the omission of this defendant to forward the dispatch in question. A telegram had been received from one of the plaintiffs who was in the city of New York, addressed to his firm in the city of Buffalo, which not only bore upon its face evidence that it related to important business affairs which required prompt attention, but it also, in express terms, demanded an immediate reply; and with a full appreciation of its importance as well as of its requirements, the defendant's manager, McLean, sent it to the plaintiffs with directions to the messenger boy by whom it was sent to wait for an answer. The answer was obtained by the messenger and securely placed in his pocket, where it remained until accidentally discovered some time on the following day; and although he returned to the defendant's office soon after leaving the plaintiffs' place of business, it does not appear that either the operator or the manager bestowed sufficient thought upon the subject to inquire if the plaintiffs had furnished him with an answer. These facts are not controverted, and it seems that the defendant seeks immunity from the negligence which they establish, gross as it is shown to be, by a provision which it has incorporated into the "terms" or "conditions" upon which it consents to transact business with the public, and which is, in effect, that whenever a message is sent to its office by one of its messengers, the latter is to be deemed the agent of the sender. This is certainly a most remarkable "regulation," and it is one of which, we have no hesitation in saying, the defendant should not be permitted to avail itself. It is a well-known fact that, as competitive agencies, the various telegraph companies in this country have wires and appliances placed in the stores and offices of their patrons in the larger cities, by means of which a messenger can be summoned from the central office at any time to take a dispatch to that office. These messengers are in the employ of the companies, and they are sent in response to calls for their services in order to obtain business for the companies which they represent; and it appears that the defendant was at this very time making use of this agency to increase its patronage in the city of Buffalo. Now, it would be a singular condition of affairs if a patron of one of these companies, through an instrumentality which the latter had furnished, should summon a messenger who was in its employ for this very purpose, deliver to him a message to be trans-

mitted by the company for a money consideration, and then when it became necessary to call the company to account for some omission of duty upon the part of the messenger, discover that, in order to avail himself of the means thus provided, he had been obliged to stipulate that the messenger was his and not the company's agent, and that he had thereby released the company from all responsibility so far as the acts or omissions of the messenger were concerned. It is undoubtedly within the power of a telegraph company, as it is of any other corporation, to make rules and regulations for the proper conduct of its business, but such rules should be reasonable in their character and in accord with good, sound public policy. The one under consideration was neither; on the contrary, it was an imposition upon the public and upon every patron of the defendant who had not the time or disposition to go in person to its transmitting office for the purpose of sending a message. Telegraph companies are creatures of the State. They are organized and transact business because of the pecuniary gain which they expect to reap from the public, and they are certainly under an obligation to render service which shall furnish some fair equivalent for the compensation thus received; but if they are to be permitted to establish a regulation like the one in question, there is no reason why they should not impose upon their patrons, as a condition of transacting their business and receiving their money, the requirement that the operator, and the messenger at the other end of the line, shall be regarded as their agents, and it consequently becomes merely a question of time when, in this manner, the companies shall escape what little liability they still assume.

We have chosen thus far to consider this case upon the lines indicated, for the reason that we believe it to be the duty of the courts to place some wholesome limitations upon the rule under which corporations are attempting, by shrewd and ingenious devices, to escape all responsibility for their negligent acts, but we do not regard this case as necessarily resting upon the principle thus enunciated, for the evidence shows quite conclusively that the defendant's messenger boy was directed to obtain an answer to the message in question, and that he did in fact solicit and receive one. This being the case he was unquestionably the defendant's agent, even if the "regulation" were to be given the full effect claimed for it. In

other words, by asking, waiting for and receiving the plaintiffs' message, the defendant ignored and waived the rule of which it is now seeking to avail itself. (*Cross* v. *The Nat. Fire Ins. Co.*, 132 N. Y. 133; *Forward* v. *Continental Ins. Co.*, 142 id. 382.)

Our attention has not been directed to any exception in the case which appears to furnish sufficient ground for reversal, and we are, therefore, of the opinion that the judgment appealed from should be affirmed.

All concurred.

Judgment affirmed, with costs.